# In the United States Court of Appeals for the Seventh Circuit

---

CARNELL TAYLOR,

*Plaintiff-Appellant,*

*v.*

SHERIFF JOHN IDLEBURG, *ET AL.*

*Defendant-Appellee.*

---

*On Appeal from the United States District Court
for the Northern District of Illinois
Honorable Jorge Alonso, Judge Presiding
District Court No. 25-cv-4380*

---

## BRIEF OF PLAINTIFF-APPELLANT

---

Jed Stone
Counsel for Appellant
Stone & Associates, Ltd.
325 Washington St., Suite 400
Waukegan, Illinois 60085
847-336-7888
jstone@jedstone.com
ARDC No. 2745127

# TABLE OF CONTENTS

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

Disclosure statement ......................................................................................... 1

Statement Concerning Oral Argument ............................................................. 1

Jurisdictional Statement .................................................................................... 1

Statement of Issues ........................................................................................... 2

Statement of the Case ....................................................................................... 2

        A.      Procedural History ............................................................... 2

        B.      The Complaint, its Factual Allegations, and its Exhibits ........... 3

        C.      The Lower Court's Final Order ..................................... 4

Summary of the Argument ................................................................................ 5

Standard of Review ........................................................................................... 5

Argument ........................................................................................................... 6

    I.     Mr. Taylor Respectfully Requests this Court Take Judicial Notice of Public Records Indicating Why There Was a Keep-Separate Order and Why Richard McMath was in the Jail's Custody. ............................................................................................. 8

    II.    Because Mr. Taylor Satisfied the Liberal Pleading Standards of Rule 8 by Pleading Facts that State a Claim, His Complaint Should Not Have Been Dismissed with Prejudice. .............................. 10

    III.   With the Assistance of Counsel and Additional Fact Investigation, Mr. Taylor Can State Additional Claims for Which Relief Can be Granted. ............................................................ 14

Conclusion ....................................................................................................... 14

Certificate of Compliance ............................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Erickson v. Pardus*, 551 U.S. 89, 93–93 (2007)........................................................ 7, 10

*Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) ...................................... 6, 7, 8, 11

*In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018)................................................................ 8

*Luevano v. Wal-Mart Store, Inc.*, 722 F.3d 1014, 1026 (7th Cir. 2013) ...................... 1

*McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) ............................ 10

*Miller v. Mascillino*, 2023 WL 6276526, *1 (N.D. Ill. 2023)..................................... 14

*Stroman v. S.C. Off. of App. Def.*, 447 F.Supp.2d 515, 517 (S.C. D. Ct. 2015) .......... 10

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) .................................... 5, 11, 12, 14

*Wilson v. Ryker*, 451 Fed.Appx. 558, 590 (7th Cir. 2011)............................. 11, 12, 13

*Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir. 2001) ........................................ 6

**Statutes**

28 U.S.C. § 1291.............................................................................................................. 1

28 U.S.C. § 1915A ................................................................................................... 1, 2, 6

42 U.S.C. § 1983.............................................................................................................. 3

50 ILCS 205/1................................................................................................................ 12

720 ILCS 5/9-2(a)(1)....................................................................................................... 9

**Other Authorities**

20 Ill. Admin. Code § 701.140 ..................................................................................... 12

20 Ill. Admin. Code § 701.30 ....................................................................................... 12

20 Ill. Admin. Code § 701.40 ....................................................................................... 12

20 Ill. Admin. Code § 701.70 ..................................................... 12

Cir. R. 36 ................................................................................... 15

Fed. R. Civ. P. 12(b)(6) ............................................................ 6

Fed. R. Civ. P. 15 ..................................................................... 14

Fed. R. Civ. P. 8 .............................................................. passim

Fed. R. Evid. 201(b) ................................................................. 8

## DISCLOSURE STATEMENT

Jed Stone of Stone & Associates Ltd. is the attorney for Carnell Taylor. Counsel Jed Stone is the only attorney to have appeared on behalf of Carnell Taylor in this case before this Court. Because the case was dismissed before Mr. Stone's appearance, he has not yet appeared in the court below.

## STATEMENT CONCERNING ORAL ARGUMENT

Because Counsel believes this Court's disposition would be aided by oral argument, an oral argument is respectfully requested. While this is not an issue of first impression before this Court, this appeal is in the matter and interest of justice. Mr. Taylor's *pro se* complaint was dismissed with prejudice without counsel having the opportunity to make basic amendments. This dismissal deprives Mr. Taylor of his choice of forum and remedy.

## JURISDICTIONAL STATEMENT

Carnell Taylor filed a *pro se* complaint in the court below under case number 25cv4380 on April 22, 2025. SA. 2–34. The lower court dismissed the *pro se* complaint with prejudice after screening the complaint pursuant to 28 U.S.C. § 1915A. SA. 35–39. The lower court's final order dismissing the case with prejudice was entered on July 18, 2025. S.A. 39. Mr. Taylor filed two notices of appeal challenging various orders of the lower court, including but not limited to, the lower court's final order dismissing his cause with prejudice. SA. 40–44. Because the complaint was dismissed with prejudice, the dismissal was a final appealable order. *See Luevano v. Wal-Mart Store, Inc.*, 722 F.3d 1014, 1026 (7th Cir. 2013) ("A decision is appealable under 28 U.S.C. § 1291 as a final decision only if the district

court is finished with the case"). The lower court's final order stated, "[a]ll federal claims are dismissed with prejudice . . . [t]his case is closed." SA. 37. As such, this Court has appellate jurisdiction over Mr. Taylor's federal claims.

## STATEMENT OF ISSUES

Federal Rule of Civil Procedure 8(e) requires pleadings be construed so as to do justice. The pleading standards under Rule 8 are even more liberalized when a pleading is drafted by a *pro se* inmate. The lower court screened and dismissed inmate Carnell Taylor's *pro se* complaint with prejudice, precluding routine but necessary amendments. Did the lower court's dismissal deny the justice required under the well-defined and liberal pleading standards for *pro se* inmates?

## STATEMENT OF THE CASE

### A.  Procedural History

Carnell Taylor appeals the summary dismissal with prejudice of his *pro se* complaint against Lake County Sheriff John Idleburg and numerous corrections officers at the Lake County Jail in Waukegan, Illinois. *See generally*, SA. 2–34. The district court screened the complaint pursuant to 28 U.S.C. § 1915A and issued a written order dismissing the complaint with prejudice. SA. 35–38. The district court found the complaint failed to state a claim for which relief could be granted. SA. 35. Following the court's dismissal, Mr. Taylor filed two separate notices of appeal. SA. 40–44; Dkt.'s 12, 17. Mr. Taylor was denied *in forma pauperis* status on October 20, 2025. Dkt. 24. Counsel filed his appearance on behalf of Mr. Taylor on October 31, 2025. App. Dkt. 11. Counsel now carries this appeal forward before this Court.

**B.  The Complaint, its Factual Allegations, and its Exhibits**

Carnell Taylor filed his *pro se* complaint in the district court on April 22, 2025. *See generally,* SA. 2–34. Mr. Taylor alleged a failure to protect under 42 U.S.C. § 1983. *See id.* According to the complaint, Mr. Taylor was deprived of due process when he was placed in unsafe conditions where the defendants placed him in a known danger, and as a result of the danger, he suffered substantial injury. *See, e.g.,* SA. 9–13, 18, 20, 22–24. Furthermore, Mr. Taylor alleged Sheriff Idleburg was responsible because he "creates and enforces policies and procedures that are deliberately indifferent to Plaintiff's constitutional rights and directly placed Plaintiff in danger and injured him." SA. 15.

Mr. Taylor's complaint states he surrendered himself to the Lake County jail on February 21, 2024. SA. 9. After surrendering, Mr. Taylor was booked into the jail and processed in the classification unit. *Id*. Once classified, Mr. Taylor was moved into the general population pod in the 4-North wing of the jail during the "2:30PM move order" on February 26, 2024. *Id*. Just over an hour later, at 3:37PM, Corrections Officer Jose Davilla opened all jail cell doors in the pod. SA. 9–10. As Mr. Taylor exited his cell, proceeding downstairs toward the dayroom, he was "viciously attacked" by an individual named Richard McMath with a "jail made weapon." SA. 10. The attack was without provocation. *See id*.; *see also* SA. 11.

According to incident reports, Richard McMath placed an electronic smart tablet[1] inside of a laundry bag and used this item as a bludgeon. *See* SA. 10, 18, 20.

---

[1] All Lake County Jail inmates, unless restricted, are given a smart tablet.

As a result of McMath beating Mr. Taylor with this "jail made weapon," Mr. Taylor suffered a deep laceration to his face, a concussion, and post-concussive injury resulting in migraines, blurred vision, and balance issues. SA. 11–12, 22, 24–25, 32–33. Mr. Taylor also developed post-traumatic stress disorder. SA. 12. Over a year after the unprovoked attack, Mr. Taylor was still receiving medical care. SA. 41.

As set forth in the *pro se* complaint, Mr. Taylor should never have been housed with Richard McMath. SA. 10, 12. As alleged in the complaint, Mr. Taylor and McMath were documented "keep separates" in the jail's records. SA. 10. Mr. Taylor "had not a clue of Richard McMath being in the jail" and the jail "does not allow inmates to classify themselves" which is why the jail "keep[s] records and rel[ies] on their classification system." *See* SA. 28.

In sum, Mr. Taylor alleged as fact that he surrendered himself to the Lake County Jail on February 21, 2024. SA. 9. Once surrendered, Mr. Taylor was placed in the jail's classification. *Id*. After being classified by the jail on February 26, 2024, Mr. Taylor was transported to housing on the 4-North pod. *Id*. The 4-North pod also held an inmate named Richard McMath. *See* SA. 10. Jail records show Mr. Taylor and Richard McMath were supposed to be kept separate. *Id*. McMath's unprovoked attack on Mr. Taylor occurred within about an hour of transport to the 4-North housing pod. *See* SA. 9–10. Finally, the unprovoked attack caused both physiological and psychological injury. *See, e.g.,* SA. 10-13, 18, 20, 22–25, 23–33.

### C. <u>The Lower Court's Final Order</u>

The lower court dismissed Mr. Taylor's complaint with prejudice on July 18, 2025. SA. 35–39. The court's order explained Mr. Taylor failed to state a claim

under the elements set forth in *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).
SA. 36. The lower court reasoned Mr. Taylor "pled himself out of court" by attaching
documents to his complaint that purport Mr. Taylor "had no known enemies in the
jail." SA. 35–37. The lower court found because McMath was not identified by Mr.
Taylor as a "threat" or "known enemy[,]" the classification officers "were not
necessarily on notice of a present danger." SA. 37. Accordingly, the lower court
concluded there was no basis for an action under Section 1983 and amendments to
the complaint would not change the outcome of the case. *Id*.

## SUMMARY OF THE ARGUMENT

The lower court erroneously dismissed Mr. Taylor's *pro se* complaint with
prejudice. Mr. Taylor was only required to plead enough facts to put the defendants
on notice of the complained of conduct. Despite Mr. Taylor exceeding this threshold,
the court found Mr. Taylor failed to state a claim because of attachments to Mr.
Taylor's complaint. Those attachments included responses to Mr. Taylor's
grievances where the defendants allege Mr. Taylor told the classification officers in
the jail he had no known enemies within the jail. Because this was not a factual
allegation pled by Mr. Taylor and because the statements are self-serving
statements of the defendants, they should not be used against Mr. Taylor where *his*
pled facts are to be taken as true.

## STANDARD OF REVIEW

This Court conducts a *de novo* review of a "a district court's dismissal of a
prisoner's complaint during the screening process under 28 U.S.C. § 1915A." *Gomez
v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). This Court applies "the same standard

used for a Rule 12(b)(6) dismissal, construing the complaint in a light most favorable to the plaintiff and accepting all well-pled factual allegations as true." *Id.* (cleaned up). Under this standard, this Court will affirm only if "no relief can be granted under any set of facts that could be proved consistent with the allegations." *See Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir. 2001) (cleaned up).

## ARGUMENT

Because of Lake County corrections officers' indifference to their records showing Carnell Taylor and Richard McMath must be kept separate, Mr. Taylor suffered from severe and persistent bodily injury at the hands of McMath. *See, e.g.,* SA. 10-13, 18, 20, 22–25, 23–33, 41. Mr. Taylor's injury included a deep laceration to his left eye which is permanently scarred; he suffers from persisting migraine headaches, blurred vision, and delayed motor skills. *See* SA. 10-13, 18, 20, 22–25, 23–33, 41. This was Mr. Taylor's condition following McMath's unprovoked attack. This was Mr. Taylor's condition at the time he drafted his *pro se* complaint.

To date, Mr. Taylor is still receiving on-going medical care. In his post-concussive state, Mr. Taylor did the best he could with the resources he had as a *pro se* litigant. *See* SA. 11, 41. Now, with the assistance of counsel, Mr. Taylor is requesting this Court grant his opportunity to replead and amend his *pro se* complaint. This request is reasonable and just.

The lower court's dismissal with prejudice was unreasonable in light of the liberal pleading standards of Rule 8 and precedent governing *pro se* inmate litigants. *See Erickson v. Pardus*, 551 U.S. 89, 93–93 (2007). The lower court disregarded the factual allegations in the complaint and cherry-picked statements

from the exhibits attached to Mr. Taylor's *pro se* complaint. SA. 27, 29 (statements of *defendants* that allege Mr. Taylor told classification he had no enemies in the jail).

The exhibits the lower court relied upon were the administrative responses to Mr. Taylor's grievances. *See id.* Those administrative responses are statements of named defendants in the instant lawsuit. *Compare* SA. 5 (naming defendants) *with* SA. 27, 29 (responses by defendants to Mr. Taylor's grievances). The lower court was required to look at the factual allegations of the complaint, not rely upon the self-serving statements of the defendant corrections officers. *See Erickson*, 551 U.S. at 93–94.

The lower court failed to accept as true Mr. Taylor's well-pled allegations, but accepted as true the defendant's self-serving statements in their replies to Mr. Taylor's grievances. See SA. 37 (weighing statements of the defendants against Mr. Taylor's factual allegations). This was erroneous in light of the Federal Rules' pleading requirements. *See* Fed. R. Civ. P. 8.

Had the defendants' statements been made in a Rule 12(b)(6) motion, they would not support dismissal because all well-pled facts in the complaint are taken as true in favor of the plaintiff. *See Gomez*, 680 F.3d at 864. The presence of these statements within attachments to Mr. Taylor's *pro se* complaint warrants the same result because factual disputes are not ripe at this stage of litigation. *See id*. The statements in the attachments are not concessions that Mr. Taylor told the defendants he had no enemies in the jail—they are allegations of the defendants to

avoid liability. This is a factual dispute to be fleshed out at a later stage of litigation. *See id.*

The primary points of this appeal are (1) Mr. Taylor's complaint should not have been dismissed with prejudice and (2) Mr. Taylor should be given an opportunity to replead with the assistance of counsel.

## I. Mr. Taylor Respectfully Requests this Court Take Judicial Notice of Public Records Indicating Why There Was a Keep-Separate Order and Why Richard McMath was in the Jail's Custody.

Under Federal Rule of Evidence 201(b), this Court is "permitted to take judicial notice of an adjudicative fact that is 'not subject to reasonable dispute' because it*** can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *See id.*; *see also In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (Easterbrook, J., *in chambers*).

Here, Mr. Taylor requests this Court take judicial notice of public records from the Circuit Clerk of the Nineteenth Judicial Circuit of Lake County, Illinois. Those records include the parties, charges, charging dates and final dispositions of Lake County Case Numbers 10CF1438, 10CF1440, and 21CF460. *See* SA. 45–47. The records in 10CF1438 and 10CF1440 underlie the jail's keep-separate order between Mr. Taylor and Richard McMath. The record in 21CF460 shows why McMath was in the jail's custody at the time he attacked Mr. Taylor.

In 10CF1438, Carnell Taylor was charged with, *inter alia*, the offense of First Degree Murder. SA. 45. In 10CF1440, McMath was charged with, *inter alia*, attempted armed robbery. SA. 46. Mr. Taylor pled guilty to Second Degree Murder

while acting under a strong provocation under 720 ILCS 5/9-2(a)(1).[2] S.A. 45. The underlying facts, concededly not in the record below but in the public record, are that Mr. Taylor attempted to intervene in an armed robbery by McMath and his confederates.

In the course of the armed robbery Mr. Taylor was shot in his back and returned fire in self-defense, ultimately killing one of McMath's confederates (McMath's brother). Mr. Taylor was charged with murder and McMath was charged with attempted armed robbery. SA. 45, 46. Mr. Taylor ultimately pled guilty to second degree murder and served his sentence in full. *See* SA. 45. Because of these events, McMath and Taylor had keep-separate orders in their jail records. Without the benefit of discovery to obtain the official record, Mr. Taylor could only plead there was a "keep-separate" in the jail's files.

At the time Mr. Taylor surrendered himself to the jail on different and unrelated charges in 2024, McMath was in the jail's custody for attempted first degree murder, among other charges in Lake County Case Number 21CF460. SA. 47. McMath ultimately pled guilty to aggravated battery with a firearm and being a felon in possession of a firearm in exchange for sentences of 14 years and 3 years, respectively. SA. 47.

---

[2] Under 720 ILCS 5/9-2(a)(1) "a person commits the offense of second degree murder when he . . . commits the offense of first degree murder as defined by [720 ILCS 5/9-1] and*** at the time of the killing he . . . is acting under a sudden and intense passion resulting from serious provocation by the individual killed . . . but he . . . negligently or accidentally causes the death of the individual killed . . ." *See* 720 ILCS 5/9-2(a)(1).

To the extent permitted by law, Mr. Taylor respectfully requests this Court take judicial notice of these public records. *See* SA. 45–47.

## II. Because Mr. Taylor Satisfied the Liberal Pleading Standards of Rule 8 by Pleading Facts that State a Claim, His Complaint Should Not Have Been Dismissed with Prejudice.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief . . . the statement need only give the defendants fair notice of what the claim is and the ground upon which it rests." *Erickson*, 551 U.S. at 93–94 (cleaned up). "This standard is to be vigilantly applied when the plaintiff is acting *pro se* and has drafted his own complaint as is the case here. It is well-settled law of this circuit that *pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). "Moreover, when such as dismissal involves a civil rights complaint, [the district court] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appear to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *See Stroman v. S.C. Off. of App. Def.*, 447 F.Supp.2d 515, 517 (S.C. D. Ct. 2015).

Here, the lower court dismissed the complaint because it found Mr. Taylor "pled himself out of court" because his attached documents claim Mr. Taylor told classification staff, he "had no known enemies in the jail." SA. 27, 29; 36–37. The statement relied upon by the lower court was not a pled allegation by Mr. Taylor. *See* SA. 27, 29 (not Mr. Taylor's factual allegations). Rather, the statement was

rinsed and repeated by two of the defendants in this case in response to Mr. Taylor's grievance and appeal of the grievance's disposition. *See id*. Because it was not a pled fact by Mr. Taylor, it should not have been used against him where all of Mr. Taylor's pled allegations are considered as true. *See Gomez*, 680 F.3d at 864.

Carnell Taylor was among the class of "[i]ncarcerated people [who] have a clearly established right to be free from physical harm inflicted by others" within a correctional institution. *See Dart*, 39 F.4th at 841. In Mr. Taylor's efforts to enforce this right, his sole task in his *pro se* complaint was to put the defendants on notice of their failure to protect. *See Wilson v. Ryker*, 451 Fed.Appx. 558, 590 (7th Cir. 2011) ("'[I]n federal court, under Rule 8, the rules are simple: Notice is what counts. Not facts; not elements of 'causes of action'; not legal theories."). Mr. Taylor's *pro se* complaint sufficiently placed the defendants on notice of the jail's failure to protect.

Mr. Taylor was required to plead facts that demonstrated he faced "a substantial risk of harm, and that the defendants knew of and disregarded the risk." *Id*. at 589. Alternatively, Mr. Taylor needed to show "(1) the defendant[s] made an intentional decision regarding the conditions of [his] confinement; (2) those conditions put [him] at a substantial risk of suffering serious harm; (3) the defendant[s] did not take reasonable available measures to abate the risk . . . and (4) the defendant, by not taking such measures, caused [his] injuries" *Thomas*, 39 F.4th at 841.

In *Wilson*, a substantial risk was not found where the facts alleged "a generalized risk of violence" because of gang strife and racial tension within

Lawrence Correctional Center. *See id*. at 588–89. This Court found a failure to protect claim was insufficiently pled where no "tangible threat" to safety or "substantial risk of future harm." *See id.* at 589. Here, the facts pled by Mr. Taylor show he faced a substantial risk and officers knew of the risk but disregarded it. *See* SA. 10. The facts further establish substantial injury as a result of their disregard. *See id*.; *see also* SA. 10-13, 18, 20, 22–25, 23–33, 41

With respect to the defendants' lack of taking reasonable measures to abate the risk, all Mr. Taylor needed to plead was that defendants were "on notice of serious harm." *See Thomas*, 39 F.4th at 841. As to this element, Mr. Taylor pled that the defendants maintain records and knew of the keep-separate, but deliberately disregarded their records and the documented keep-separate. *See* SA. 10.

Under Illinois Administrative Code, the jail is required to copious keep records regarding, among other things, its inmates offenses, their classification status, and their history. *See, e.g.,* 20 Ill. Admin. Code § 701.30 (discussing records); 20 Ill. Admin. Code § 701.40 (discussing admission procedures); 20 Ill. Admin. Code § 701.70 (discussing classification and separation); 20 Ill. Admin. Code § 701.140 (discussing facility security measures and master population records). The defendant is also required to preserve those records. *See generally,* 50 ILCS 205/1 *et seq*. (Local Records Act). The defendants knew of the past history of violence between Mr. Taylor and McMath. *See e.g,* SA. 45–47. In spite of this knowledge, a conscious decision was made to house them together. Within an hour of Mr. Taylor

being housed with McMath, at the defendants' discretion, he was viciously and violently attacked without provocation. SA. 9–10.

The facts pled by Mr. Taylor placed the defendants on notice of the conduct complained of, satisfying his burden under Rule 8. *See Wilson*, 451 Fed.Appx. at 590 (discussing that *notice* is what counts). The complaint provided ample notice to the defendants of the underlying facts: Mr. Taylor was classified by the jail and placed in a pod with McMath, a known recorded and documented keep-separate. SA. 9–10. Within about an hour of Mr. Taylor being in the pod, and within minutes of the pod coming off of a lockdown, Mr. Taylor was viciously attacked with a jail made weapon. SA. 10. Further, the officers failed to intervene in the unprovoked attack within a reasonable amount of time. SA. 10–11. These facts were sufficient to provide notice to the defendants. *See Wilson*, 451 Fed.Appx. at 590.

Where the lower court found Mr. Taylor pled himself out of court, it impermissibly conducted fact-finding, fact-balancing, and weighed the credibility of statements at the screening phase. *See* SA. 37. The basis of the court's finding that Mr. Taylor pled himself out of court was based upon the defendants' self-serving statements that Mr. Taylor never identified known enemies within the jail. *See* SA. 27, 29. Further, the lower court placed unnecessary onus on Mr. Taylor by presuming (1) he knew who was in the jail and (2) he was expected to identify a random person within the jail who was in fact a "known enemy."

Mr. Taylor's case is not a case where he knew McMath was in the jail and concealed that fact from the jail staff. Rather, Mr. Taylor *did not and could not* have

known McMath was housed in the 4-North pod to which he was assigned. McMath's unprovoked and vicious attack came as an unpleasant surprise to Mr. Taylor. *See* SA. 9–11.

It was the jail who is required to monitor its inmates. In fact, it is the jail who is required to keep logs and records, and identify keep separates. *See, e.g., Miller v. Mascillino*, 2023 WL 6276526, *1 (N.D. Ill. 2023) (identifying that Lake County Jail has a "keep separate" policy). It was the jail's deliberate indifference and reckless disregard for Mr. Taylor's safety that caused his injuries, not Mr. Taylor's failure to identify one inmate out of hundreds.

### III. With the Assistance of Counsel and Additional Fact Investigation, Mr. Taylor Can State Additional Claims for Which Relief Can be Granted.

"Generally, a party has the right to amend its pleading once as a matter of course." *Thomas*, 39 F.4th at 840 (citing Fed. R. Civ. P. 15) (cleaned up). Further, "a court should freely give leave [to amend a complaint] when justice so requires." *Id*. Here, Counsel for Mr. Taylor believes there are amendments to be made to his complaint and requests this Court recognize additional fact investigation could uncover additional claims. As such, in the event of a remand, this Court should instruct the lower court to permit amendments to the *pro se* complaint as justice so requires. *See id*.

<p align="center">**CONCLUSION**</p>

For these reasons, this Court should vacate the judgment of the United States District Court for the Northern District of Illinois and permit Carnell Taylor to file his First-Amended Complaint at Law with the assistance of Counsel.

Further, Mr. Taylor prays this Court orders reassignment of this case to a different

judge pursuant to Circuit Rule 36.

/s/ Jed Stone
Counsel for Appellant
Stone & Associates, Ltd.
325 Washington St., Suite 400
Waukegan, Illinois 60085
847-336-7888
jstone@jedstone.com
ARDC No. 2745127

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies this brief complies with requirements of Federal Rule of Appellate Procedure 32(a), including the type-volume limit of Fed. R. App. P. 32 (a)(7)(B) and Seventh Circuit Rule 32(c), excluding the parts of the document exempted by Fed. R. App. P. 32(f), in that this brief contains 4,045 words.

This brief further complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Seventh Circuit R. 32(b) and the type-style requirements of Fed. R. App. P. 32(a)(6), as it was prepared using 12-point Century Schoolbook Font.

/s/ Jed Stone_____
Jed Stone



REQUIRED SHORT APPENDIX

# REQUIRED SHORT APPENDIX

## Index

**Title**                                                                    **Page**

Taylor v. Idleburg *et al.* Complaint (ECF. 1)
April 22, 2025……………………………………………..…                     SA. 2-34

Order Dismissing Complaint (ECF. 10)
July 18, 2025…………………………………………………                     SA. 35-38

Judgment in a Civil Case (ECF. 11)
July 18, 2025…………………………………………………                     SA. 39

Notice of Appeal (ECF. 16)
August 14, 2025……………………………………………..                     SA. 40-44

19th Judicial Circuit Dispositions of Taylor and McMath…                     SA. 45-47

Certificate of Compliance with Circuit Rule 30……………..                     SA. 48





RECEIVED
4/22/2025 MEN
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

CARNELL D. TAYLOR

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

(SHERIFF) JOHN D.
IDLEBURG, (CHIEF)
RICHARD CLOUSE, (DEPUTY
CHIEF) NICHOLAS
Kalfas, (LIEUTENANT)
TIM REIDY

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

Case No: _____
(To be supplied by the <u>Clerk of this Court</u>)

1:25-cv-04380
Judge Jorge L. Alonso
Magistrate Judge Heather K. McShain
PC8
RANDOM / CAT.3

**CHECK ONE ONLY:**

✓        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         **U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
          **28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SA. 2

# CONTINUED FROM PAGE(1)

CARNELL D. TAYLOR
PLAINTIFF

### -VS-

## DEFENDANTS;

(SERGEANT) SPECHT, TIMOTHY
C/O JOSE DAVILLA,
C/O ERICA LANDREE # 848,
C/O DANIEL PENNINGTON
C/O MATHEW MELSON

CONTINUED FROM PAGE(1)

SA. 3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

A. Name: CARNELL D. TAYLOR

B. List all aliases: CARNELL D. WESSON

C. Prisoner identification number: # L-60235

D. Place of present confinement: LAKE COUNTY ADULT JAIL

E. Address: P.O. BOX 38, WAUKEGAN, IL. 60079

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: JOHN D. IDLEBURG

Title: LAKE COUNTY SHERIFF

Place of Employment: LAKE COUNTY JAIL/SHERIFF DEPT.

B. Defendant: CLOUSE

Title: CHIEF

Place of Employment: LAKE COUNTY JAIL/SHERIFF DEPT.

C. Defendant: NICHOLAS KALFAS

Title: DEPUTY CHIEF

Place of Employment: LAKE COUNTY JAIL/SHERIFF DEPT.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                      Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SA. 4

CONTINUED FROM PAGE (2)

II. DEFENDANTS:

D. DEFENDANT: TIM REIDY
TITLE: LIEUTENANT
PLACE OF EMPLOYMENT:
LAKE COUNTY JAIL

E. DEFENDANT: SPECHT
TITLE: SERGEANT / Classification
PLACE OF EMPLOYMENT:
LAKE COUNTY JAIL

F. DEFENDANT: JOSE DAVILLA
TITLE: CORRECTIONAL OFFICER
PLACE OF EMPLOYMENT:
LAKE COUNTY JAIL

G. DEFENDANT: LANDREE #848
TITLE: C/O / CLASSIFICATION
PLACE OF EMPLOYMENT:
LAKE COUNTY JAIL

H. DEFENDANT: DANIEL PENNINGTON
TITLE: C/O / CLASSIFICATION
PLACE OF EMPLOYMENT:
LAKE COUNTY JAIL

CONTINUED FROM PAGE (2)

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: VIEW AMENDED PAGES ON NEXT (2) PAGES.

B.  Approximate date of filing lawsuit: _____

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____
_____

D.  List all defendants: _____
_____
_____
_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.  Name of judge to whom case was assigned: _____
_____

G.  Basic claim made: _____
_____
_____

H.  Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?): _____
_____
_____

I.  Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT.  REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

PLEAS VIEW AMENDED DOCUMENTS ON NEXT (2) PAGES FROM THIS PAGE.

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SA. 6

*Amended from Page 3*
*1 of 2*

A. Taylor v. Idleberg et al

B. February 24 2025

C. Carnell Taylor A.K.A. Carnell Wesson

D. John Idleberg, Richard Clause, Nicholas Kalfas, Tim Reidy
Timothy Specht, Matthew Melson, Erica Landree,
Jose Davila, Daniel Pennington

E. Circuit Court Lake County

F. Judge Patrick Salvi

G. State Tort Claim Negligence and Intentional
Infliction of Emotional Distress

H. Case Management on 5/20/25

Amended From Page 3

A. Taylor v. Wellpath etal          2 of 2

B. February 24, 2025

C. Carnell Taylor A.K.A. Carnell Wesson

D. Wellpath, Dr. Nicholas Papanas, Taryn Weiler, Paull Caroline, Unknown John Doe and Jane Doe

E. Circuit Court Lake County

F. Judge Patrick Salvi

G. State Tort Claim Negligence

H. Pending

I. Case Management on 5/20/25

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

(FEB 21, 2024) I CARNELL D. TAYLOR SURRENDERED MYSELF TO THE CARE AND CUSTODY OF THE LAKE COUNTY SHERIFF'S DEPARTMENT, MR. JOHN D. IDLEBURG, CHIEF CLOUS, AND DEPUTY CHIEF NICHOLAS Kalfas.... C/O WEISS BOOKED ME IN, THEN I WAS TRANSPORTED TO 1-EAST CLASSIFICATION.

(FEB 22, 2024) I WAS INTERVIEWED BY A CLASSIFICATION'S OFFICER BY THE NAME OF C/O M. MELSON... (FEB 26, 2024) I WAS MOVED DURING THE 2:30 p.m. MOVE ORDER TO 4-NORTH POD CELL #46 GENERAL POPULATION.. C/O JOSE DAVILLA WAS THE C/O WORKING THE 4-NORTH GENERAL POPULATION POD (FEB 26, 2024) C/O JOSE DAVILLA ALLOWED ME TO CLEAN THE CELL #46 I WAS CLASSIFIED TO BE IN.

AT 3:37 p.m. C/O JOSE DAVILLA

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SA. 9

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

OPENED UP ALL THE OTHER (46) OR (48) CELL DOORS AND I was WALKING DOWN THE STAIRS ON THE (4) NORTH POD AND OUT OF NOWHERE I was PHYSICALLY & VICIOUSLY ATTACKED BY A "DOCUMENTED KEEP SEPERATE" BY THE NAME OF RICHARD MCMATH.. C/O JOSE DAVILLA DID NOTHING TO STOP OR PREVENT RICHARD MCMATH FROM ATTACKING ME AS HE WALKED THROUGH THE 4-NORTH DAY ROOM WITH NO SHIRT ON HOLDING THIS JAIL MADE WEAPON.

SEE EXHIBITS 4-A, 4-B, 4-C, 4-D → I HAD NOT A CLUE OF RICHARD MCMATH BEING IN JAIL. THE LAKE COUNTY JAIL DOESN'T ALLOW INMATES TO CLASSIFY THEIRSELVES, THATS EXACTLY WHY THEY KEEP RECORDS AND RELY ON THEIR CLASSIFICATION SYSTEM. AT THIS TIME I'M BLEEDING EVERYWHERE, BLOOD IS RUNNING ALL IN MY EYES, NOSE & MOUTH AND I'M NERVOUS BECAUSE THIS ATTACK HAS BEEN GOING ON WAY TO LONG AND C/O JOSE DAVILLA CANT EVEN STOP THE ATTACK DO TO THE FACT HIS O.C. SPRAY (MACE) HAD MALFUNCTIONED WHEN C/O DAVILLA ATTEMPTED TO STOP THE ATTACK ... THERES CAMERA FOOTAGE..

Revised 9/2007

SEE EXHIBIT 1-A C/O JOSE DAVILLA'S REPORT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SA. 10

SEE
EXHIBIT
3-A

I TRULY HAD A CONCUSSION.
I EVENTUALLY JUMPED
BEHIND THE OFFICERS DESK TRYING
TO AVOID BEING PHYSICALLY ATTACKED
AGAIN... SO RICHARD McMATH was
TRYING TO ENGAGE PHYSICALLY WITH
ME AGAIN SO BY ME BEING AFFRAID
I RIPPED THE OFFICERS COMPUTER
FROM THE DESK TO PREVENT FROM
BEING ATTACKED AGAIN.

FINALLY ABOUT (8) MINUTES
LATER ALOT OF OFFICERS AND Sgt's
ARRIVED TO BREAK THE ATTACK UP. I
WAS HAND CUFFED, (AND I DON'T KNOW
WHY, BECAUSE I NEVER HIT ANYBODY
NOR DID I START THE ATTACK) I
WAS THE ONE THAT GOT PHYSICALLY
ASSAULTED, BY A DOCUMENTED KEEP SEPERATE!

FEB 26, 2024 3:51 p.m. NURSE
EDGAR DEEMED IT ERGENT TO CALL
E.R. RESCUE BECAUSE OF THE DAMAGE
DONE TO MY FACE BY A DOCUMENTED
KEEP SEPERATE BY THE NAME OF
RICHARD McMATH AND THIS DAMAGE
was DONE BY THIS JAIL MADE
WEAPON.

THE HEALTH SERVICE ADMINISTRATOR
(MS. TARYN WEILER) CAME TO THE BOOKING
AREA AND BEGAN CHECKING OUT MY
WOUNDS... ALSO NURSES JAYNE BENDER,
JAIME ENG AND MEDICAL ASSISTANT KAREN
COUNLEY CAME TO CHECK OUT MY WOUNDS

CONTINUE from PAGE (5) 3 of 6

CONTINUED FROM PAGE (5)

4 of 6

AFTER I GOT ATTACKED
BY RICHARD McMATH, TWO OTHER
GUYS WHO WAS WITH RICHARD
McMATH BY THE NAMES OF
ZAVIAN WELLS, AND TRAVIS CHERRY
JOINED IN THIS AMBUSH AND THEY
ATTACKED MARSHON KNOX, THIS
WAS THE MALE WALKING BESIDE
ME.. → | SEE EXHIBIT 1-B |

C/O JOSE DAVILLA'S O.C.

SEE EXHIBIT 1-A
SPRAY MALFUNCTIONED SO THE
AMBUSH LASTED WAY LONGER THAN
IT SHOULDVE.. HAD C/O JOSE DAVILLA'S
O.C. SPRAY WORKED HE COULDVE
STOPED THE AMBUSH IMMEIDIATELY.

SEE EXHIBIT 3-A
NOW I'M DIAGNOSED WITH POST-
CONCUSSION ISSUES, ASWELL AS P.T.S.D.
MYGRAINE HEAD ACHE ISSUES, BLURRY
AND DOUBLE VISION ISSUES.. BALANCE
PROBLEMS AND I'M VERY NERVOUS..
ALL OF THESE TERRIBLE THINGS
HAVE HAPPEN DO TO THE LAKE
COUNTY JAIL CLASSIFICATION SYSTEM,
AND CLASSIFICATION OFFICERS, SGTS,
LIEUTENANTS, CHIEF, DEPUTY CHIEF,
AND THE SHERIFF... HAD THE EMPLOYEES
OF THE LAKE COUNTY JAIL PAYED
CLOSER ATTENTION TO THEIR RECORDS
THIS WOULDVE NEVER HAPPEN TO
ME OR IN THEIR FACILITY I IM STILL
GOING TO OUTSIDE DOCTORS A YEAR LATER!

CONTINUED FROM PAGE(S)

5 of 6

SEE
EXHIBITS
5-A, 5-B,
6-1 & 6-2

I WAS DEMANDING AND
ASKING Sgt. SPECHT AND LIEUTENANT
TIM REIDY TO RELEASE ME FROM
SEGREGATION BECAUSE I WAS
THE VICTIM OF THIS ATTACK AND
DR. JOHN PULA DIAGNOSES WILL
PROVE AND SHOW THAT I HAVE P.T.S.D
AND CONCUSSION ISSUES, RELATED TO FEB 26,
SEE EXHIBIT 3-A                        2024

JAN 3, 2025, AND JAN 9, 2025
I WROTE TO MS. Kissy LOPEZ
(EXECUTIVE ASSISTANT) FOR THE
LAKE COUNTY SHERIFF'S ADULT
CORRECTIONS.. I ATTATCHED THE
TWO FOIA, (FREEDOM OF INFORMATION
ACT) REQUEST THAT I RESPECTfully
SENT TO MS LOPEZ ASKING FOR
COPIES OF ALL MY KEEP SEPERATES
FROM 2009, 2010, 2011...
THESE DOCUMENTS ARE
FOR THIS HONORABLE COURT "ONLY,"
MS. LOPEZ DENIED MY REQUEST, BUT
SHE TOLD ME TO FILE CIVIL CLAIM
AND I CAN GET THEM.
If THIS HONORABLE COURT
GRANTS FOR ME TO OBTAIN THESE
VERY IMPORTANT DOCUMENTS
I WILL GRACIOUSLY ASK IF I

SEE
EXHIBITS
2-B, 2-C,
2-D

CONTINUED FROM PAGE(5) 5 of 6

CONTINUED FROM PAGE (5)

6 of 6

WOULD BE ALLOWED
TO AMEND THOSE DOCUMENTS
TO THIS CLAIM..

ITS VERY IMPORTANT BECAUSE
HAD CLASSIFICATIONS, aSWELL aS
ALL THE OTHER NAMED LAKE COUNTY
SHERIFFS employees DISCOVERED
IN THEIR RECORDS AND COMPUTERS
THE KEEP SEPERATED BETWEEN
RICHARD McMATH -AND- I,
NONE OF THESE HORRIBLE THINGS
WOULDVE TAKING PLACE IN
THE LAKE COUNTY JAIL..

ALL EXHIBITS ARE LABLED AT
THE UPPER LEFT CORNER of
EVERY PAGE..

6 of 6

Count 1: Due Process Violation
All Defendants

- Plaintiff has a due Process Right to safe conditions of Confinement

- As classification officers, Defendants Specht, Landree, Melson and Pennington knew, should have known and have a duty to know that they Placed Plaintiff in grave Danger when they housed him in the same Pod as his documented keep separate. These Defendants acted knowingly and Recklessly while their conduct was Not objectively Reasonable

- As a correctional officer, Defendant Davila knew, should have known and had a duty to know that Plaintiff was housed with a documented keep separate. This Defendant knowingly and recklessly allowed Plaintiff to have contact with a fellow inmate despite the existence of a keP separate order

- As sheriff, Defendant Idleburg Creates and enforces Policies and Procedures that are deliberately indifferent to Plaintiff's Constitutional Rights and directly Placed Plaintiff in danger and injured him

- As high Ranking commanding officers Defendants Clouse, Kalfas, and Reidy enforced Policies and Procedures that they Knew, should have known and had a duty to know was Constitutionally deficient and Placed Plaintiff recklessly in Danger.

- Collectively Recklessly and with full knowledge, the named Defendants created a Dangerous environment through their Policies and Procedures the Placed Plaintiff in the Dangerous environment which lead to his Injuries.

- The Complained of conduct is both extreme and outrageous and Plaintiff asserts he is entitled to Punitive Damages

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.**     **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A.) MONETARY COMPENSATION, B.) COVER ANY-AND-ALL PAST, PRESENT AND FUTURE HEALTH AND MENTAL HEALTH COST STEMMING FROM THIS SITUATION, C.) ANY LEGAL FEES AND COURT COST

---

**VI.**     The plaintiff demands that the case be tried by a jury.    ☑ YES     ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this **APRIL** day of **15**, 20 **25**

_Carnell_ _____

(Signature of plaintiff or plaintiffs)

CARNELL D. TAYLOR
(Print name)

# L-60235
(I.D. Number) P.O. BOX 38

WAUKEGAN, IL. 60079

(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

SA. 17

EXHIBIT 1-A

## LAKE COUNTY SHERIFF'S DEPARTMENT

| | 1. COMPLAINT NO. |
|---|---|
| PAGE 1 OF 2 — SUPPLEMENTARY REPORT | 24-01904 |

| | | DAY | DATE OF THIS REPORT | TIME | NAME OF COMPLAINANT - REPORTING |
|---|---|---|---|---|---|
| ☐ FORM USED AS CONTINUATION FOR CURRENT REPORT | ☑ FORM USED TO REPORT FOLLOW UP INVESTIGATION OR SUPPLEMENTAL INFORMATION | | | | |
| 2. | 3. | 4. Monday | 5. 2/26/2024 | 6. 3:37 PM | 7. Officer Jose Davila |

| 8. KIND OF REPORT CONTINUED | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED |
|---|---|---|
| ☐ OFFENSE   ☐ ARREST   ☑ FOLLOWUP OR SUPPLEMENTARY | Battery | ☐ |

| 10. STATUS (CHECK ONE) | 11. IS FURTHER POLICE ACTION REQUIRED? | 12. IF CASE IS CLEARED, HOW CLEARED (USE THIS BOX FOR SINGLE OR FIRST CLEAR-UP OF MULTIPLE CLEAR |
|---|---|---|
| CLD ☐  UNFD ☐  NOT CLD ☐  CLD EXE ☑ | ☐ YES  ☑ NO | ☐ ARREST PROSECUTE  ☐ REPORT REFERRED TO PROSECUTOR  ☐ COMPLAINANT REFUSED TO PROSECUTE  ☐ STATION ADJUSTMENT  ☑ OTHER EXCEPTIONAL |

On Monday, February 26, 2024, I, Officer Jose Davila #17645, was assigned as Pod Officer of 4 North (4N). At approximately 1537 hours I observed Inmate McMath, Richard L#112982 strike Inmate Taylor, Carnell L#60235 in the face with a laundry bag containing a tablet. Inmate Taylor then backed away.

Inmate Knox, Marshon L#159875 instantly attacked Inmate McMath by punching him in the face. Inmate Cherry, Travis L#175701 and Inmate Wells, Zavian L#143142 joined the altercation and began punching Inmate Knox in the head and body. Inmate Gallegos, Anthony L#171560 appeared to try to stop the fight but ran away when Inmate McMath punched him in the face.

As the altercation unfolded, I immediately notified central control via radio of a fight in 4 North and activated my AXON body camera. I ordered the inmates to stop fighting and unholstered my OC spray. I again ordered the inmates to stop fighting or they would be sprayed but, they continued. I attempted to deploy my OC spray, but the actuator failed. While attempting to deploy my OC spray I also ordered the rest of the pod to lockdown.

I notified central control via radio that my OC spray had failed. I continued to give the Inmates verbal commands to stop fighting and to lockdown.

I then observed Inmate Taylor behind my desk, visibly injured from the initial laundry bag attack. Inmate Taylor began ripping the desktop and monitor from the desk severing all the cables. I ordered Inmate Taylor several times to drop the monitor and to get on the ground.

Inmate McMath, still wielding the laundry bag, attempted to approach Inmate Taylor. I immediately stepped in front of Inmate McMath and ordered him to get back. Inmate McMath backed away and joined the attack on Inmate Knox, hitting him with the laundry bag.

As I continued to order Inmate Taylor to get on the ground, I observed Inmate Wells, Knox, and McMath fighting inside Cell #7 with Inmate Cherry guarding the door.

At Approximately 1539, Command and transport entered 4 North to assist.

Sgt. Trentadue, Pasquale #25018 unholstered his Taser and ordered Taylor to get on the ground Taylor complied and Officer Zamora, Erik #25078 handcuffed Inmate Taylor. Nurse Escalante, Edgar then provided first aid to Inmate Taylor's left eye.

| 13. CONT. ON CONT. FORM ☐ | 14. ARREST MADE ☐ YES  ☑ NO | 15. REPORTING OFFICER WILL FOLLOW UP ☐ YES  ☑ NO | 16. WARRANT OBTAINED ☐ YES  ☑ NO  ☐ DENIED |
|---|---|---|---|
| Reporting Officer: Davila, Jose | Init. _JD_  I.D. # 17645 | Approving Officer: _____  I.D. # 28018  DATE: 7/26/24 | TIME: 2015 |

PRESS COPY

## LAKE COUNTY SHERIFF'S DEPARTMENT

PAGE 1 OF 1      SUPPLEMENTARY REPORT

| 1. COMPLAINT NO. |
|---|
| **24-01904** |

| | FORM USED AS CONTINUATION FOR CURRENT REPORT | ☑ | FORM USED TO REPORT FOLLOW UP INVESTIGATION OR SUPPLEMENTAL INFORMATION | DAY | DATE OF THIS REPORT | TIME | NAME OF COMPLAINANT - REPORTING |
|---|---|---|---|---|---|---|---|
| 2. | | 3. | | 4. **Monday** | 5. **2/26/2024** | 6. **5:30 PM** | 7. **Officer Jose Davila 17645** |

| 8. KIND OF REPORT CONTINUED | | | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED |
|---|---|---|---|---|
| ☐ OFFENSE | ☐ ARREST | ☑ FOLLOWUP OR SUPPLEMENTARY | **Battery** | ☐ |

| 10. STATUS (CHECK ONE) | | | | 11. IS FURTHER POLICE ACTION REQUIRED? | | 12. IF CASE IS CLEARED, HOW CLEARED (USE THIS BOX FOR SNGLEOR FIRST CLEAR-UP OF MULTIPLE CLEAR | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLD | UNFD | NOT CLD | CLD EXE | ☐ YES | ☑ NO | ☐ ARREST PROSECUTE | ☐ REPORT REFERRED TO PROSECUTOR | COMPLAINANT ☐ REFUSED TO PROSECUTE | STATION ☐ ADJUSTMENT | OTHER ☑ EXCEPTIONAL |
| ☐ | ☐ | ☐ | ☑ | | | | | | | |

On February 26, 2024 I was assigned to the Classification Office for 2nd Shift.

At 3:37PM, I responded to 4 North Pod (4N) after hearing radio traffic of a fight in 4N. I activated my Axon body camera as I was on the elevator en route to 4N. As I entered the pod, my attention was directed to the lower west side of the pod by Officer Jose Davila 17645. I immediately directed all inmates to lock down and continued making my way towards the lower west side of the pod, as multiple inmates were not secured in the cells. I then observed two inmates still actively fighting in cell #7.

I directed both inmates to get down, but they failed to comply and continued fighting. In order to gain compliance, I administered one burst of OC spray in the general direction of both inmates. I then pulled one inmate, later identified as Wells, Zavian L143142, out of the cell in order to separate him from the other inmate. The other inmate was later identified as Knox, Marshon L159875. I assisted Wells to the ground in order to get him secured in handcuffs. I was able to secure Wells' right wrist in handcuffs and Sergeant Pasquale Trentadue 25018 applied a second set of handcuffs to properly secure Wells.

Wells was assisted to his feet and escorted to the Medical Exam Room by myself and Officer Alejandro Maldonado 26196. Wells was allowed to decontaminate from the OC spray and flushed his eyes out. Nurse Taryn Weiler assessed Wells for injuries and medically cleared him for housing. Officer Maldonado and I escorted Wells to the Administrative Segregation Unit. Wells was escorted into cell #29, where the handcuffs were removed and a pat-down search was conducted. Wells was then secured in cell 29 without issue.

I then returned to my regular assigned duties.

I reviewed my Axon body camera footage prior to writing this report.

| | 13. CONT. ON CONT. FORM ☐ | 14. ARREST MADE ☐ YES ☑ NO | 15. REPORTING OFFICER WILL FOLLOW UP ☐ YES ☑ NO | 16. WARRANT OBTAINED ☐ YES ☑ NO ☐ DENIED | | | |
|---|---|---|---|---|---|---|---|
| Reporting Officer: **Daniel Pennington** | Init. *DP* | I.D. # **19398** | Approving Officer: | I.D. # *2801(* | DATE: *2-26-2024* | TIME: *1909* | |

**PRESS COPY**

EXHIBIT
1-B

## LAKE COUNTY SHERIFF'S ADULT CORRECTIONAL DIVISION
### INMATE NOTIFICATION OF VIOLATION OF RULES

| REPORT # | LOCATION OF INCIDENT 4W- Dayroom | DATE 2/26/24 | TIME 15:37 |
|---|---|---|---|

INMATE'S NAME: McMath, Richard    BOOKING #: 112982    HOUSING UNIT: 4W-4B

OTHER INMATES INVOLVED: Knox, Wells, Gallegos, Cherry, Taylor

ANY INJURIES: (YES) NO    HOSPITALIZATION: (YES) NO

| RULE VIOLATED: | NUMBER | WITNESS |
|---|---|---|
| 1. Failure to immediately lockdown | 1 | YES (NO) |
| 2. Refusal to follow staff orders | 2 | YES (NO) |
| 3. Damaging jail property | 7 | YES (NO) |
| 4. Fighting / Battery | 9 | YES (NO) |
| 5. Possession of a weapon | 29 | YES (NO) |

INCIDENT SUMMARY: Upon coming off lockdown, Inmate McMath attacked Inmate Taylor. He hit Inmate Taylor in the face with a tablet he had inside a laundry bag. Inmate McMath then got into an altercation with Inmate Knox striking him in the face and body. I ordered Inmate McMath to stop fighting and lockdown but he did not comply. Inmate McMath attempted to approach Inmate Taylor still weilding the tablet in the laundry bag. I ordered McMath to back away and he proceeded to attack Inmate Knox with the laundry bag containing the tablet. Inmate McMath did not lockdown until Command and Transport arrived to assist. Inmate McMath also punched Inmate Gallegos, who was attempting to stop the fight.

REPORTING OFFICER/ID# [signature] 17645    CONTINUED N/A

NOTICE: YOU WILL BE AFFORDED AN IMPARTIAL HEARING REGARDING THE ALLEGED VIOLATIONS LISTED ABOVE. AT THAT TIME YOU MAY CALL WITNESSES AND PRESENT YOUR CASE SUBJECT TO SAFETY/SECURITY CONSIDERATIONS.
AVISO: USTED RECIBIRA UNA VISTA IMPARCIAL EN RELACION A LAS VIOLACIONES ALEGADAS YA MENCIONADAS. EN AQUELLA OCASION USTED PUEDE LLAMAR TESTIGOS Y PUEDE PRESENTAR SU CASO, EXPUESTO A CONSIDERACIONES DE SEGURIDAD.

| | YES | NO |
|---|---|---|
| Do you wish staff assistance to represent you at the disciplinary hearing? (Please initial) | | |
| Desea usted ayuda de algun official en representarse en la vista? (Firme con sus iniciales) | | |
| Do you wish to have a 24 hour notice of the disciplinary hearing? (Please initial) | | |
| Desea usted tener un aviso de 24 horas de la audiencia disciplinaria? (Firme con sus iniciales) | | |
| Do you wish to be present at the disciplinary hearing? (Please initial) | | |
| Desea estar presente en la vista disciplinaria? (Firme con sus iniciales) | | |

Without admitting guilt, my signature acknowledges receipt.
Sin admitir estar culpable, acepto este recibo con mi firma.

INMATE'S SIGNATURE/FIRMA DEL PRESO

CORRECTIONS OFFICER/ID#

DATE/FECHA    TIME/HORA

White: Inmate records    Canary: Disciplinary Committee    Pink: Inmate

SA. 20

## LAKE COUNTY SHERIFF'S ADULT CORRECTIONAL DIVISION
## INMATE NOTIFICATION OF VIOLATION OF RULES

| REPORT # | LOCATION OF INCIDENT 4N- Dayroom | | DATE 2/26/24 | TIME 15:37 |
|---|---|---|---|---|
| **INMATE'S NAME:** Cherry, Travis | | **BOOKING #:** 175-701 | | **HOUSING UNIT:** 4N-4A |

| OTHER INMATES INVOLVED: McMath, Taylor, Knox, Wells, Gallegos | | ANY INJURIES ☑ YES ☐ NO | HOSPITALIZATION ☑ YES ☐ NO |
|---|---|---|---|
| **RULE VIOLATED:** | | **NUMBER** | **WITNESS** |
| 1. Failure to lockdown | | 1 | YES ☒NO |
| 2. Refused to follow orders | | 2 | YES ☒NO |
| 3. Fighting / Battery | | 9 | YES ☒NO |
| 4. Interfering with staff duties | | 1 6 | YES ☒NO |
| 5. Any act disrupting operation of the Jail | | 3 4 | YES ☒NO |

INCIDENT SUMMARY: Inmate Cherry was observed doing an altercation already in progress. Inmate Cherry punched Inmate Knox in the head and body several times. Inmate Cherry was ordered several times to stop fighting and lockdown. Inmate Cherry did not comply and Proceeded to guard the door to Cell 7 while Inmate Knox and Inmate Wells fought inside. Inmate Cherry did not lockdown until Command and transport arrived to assist.

| | REPORTING OFFICER/ID# A.Z 17685 | CONTINUED N.A |
|---|---|---|

NOTICE: YOU WILL BE AFFORDED AN IMPARTIAL HEARING REGARDING THE ALLEGED VIOLATIONS LISTED ABOVE. AT THAT TIME YOU MAY CALL WITNESSES AND PRESENT YOUR CASE SUBJECT TO SAFETY/SECURITY CONSIDERATIONS.
AVISO: USTED RECIBIRA UNA VISTA IMPARCIAL EN RELACION A LAS VIOLACIONES ALEGADAS YA MENCIONADAS. EN AQUELLA OCASION USTED PUEDE LLAMAR TESTIGOS Y PUEDE PRESENTAR SU CASO, EXPUESTO A CONSIDERACIONES DE SEGURIDAD.

| | YES | NO |
|---|---|---|
| Do you wish staff assistance to represent you at the disciplinary hearing? (Please initial) | | |
| Desea usted ayuda de algun official en representarse en la vista? (Firme con sus iniciales) | | |
| Do you wish to have a 24 hour notice of the disciplinary hearing? (Please initial) | | |
| Desea usted tener un aviso de 24 horas de la audiencia disciplinaria? (Firme con sus iniciales) | | |
| Do you wish to be present at the disciplinary hearing? (Please initial) | | |
| Desea estar presente en la vista disciplinaria? (Firme con sus iniciales) | | |

Without admitting guilt, my signature acknowledges receipt.          INMATE'S SIGNATURE/FIRMA DEL PRESO
Sin admitir estar culpable, acepto este recibo con mi firma.

CORRECTIONS OFFICER/ID#

DATE/FECHA          TIME/HORA

White: Inmate records          Canary: Disciplinary Committee          Pink: Inmate

SA. 21

EXHIBIT 1C

## LAKE COUNTY SHERIFF'S DEPARTMENT

| | | 1. COMPLAINT NO. |
|---|---|---|
| PAGE 1 OF 2 | SUPPLEMENTARY REPORT | 24-01904 |

| FORM USED AS CONTINUATION FOR CURRENT REPORT ☐ | ☑ FORM USED TO REPORT FOLLOW UP INVESTIGATION OR SUPPLEMENTAL INFORMATION | DAY | DATE OF THIS REPORT | TIME | NAME OF COMPLAINANT - REPORTING |
|---|---|---|---|---|---|
| 2. | 3. | 4. **Monday** | 5. 2/26/2024 | 6. 7:45 PM | 7. Davila, Jose #17645 |

| 8. KIND OF REPORT CONTINUED | | | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED |
|---|---|---|---|---|
| ☐ OFFENSE | ☐ ARREST | ☑ FOLLOWUP OR SUPPLEMENTARY | **Battery** | ☐ |

| 10 STATUS (CHECK ONE) CLD UNFD NOT CLD CLD EXE | 11. IS FURTHER POLICE ACTION REQUIRED? | 12 IF CASE IS CLEARED, HOW CLEARED (USE THIS BOX FOR SNGLEOR FIRST CLEAR-UP OF MULTIPLE CLEAR |
|---|---|---|
| ☐ ☐ ☐ ☑ | ☐ YES ☑ NO | ☐ ARREST PROSECUTE ☐ REPORT REFERRED TO PROSECUTOR ☐ COMPLAINANT REFUSED TO PROSECUTE ☐ STATION ADJUSTMENT ☑ OTHER EXCEPTIONAL |

On Monday, 2/26/2024 at 1537 Hours I was assigned as Floor Command. I was currently in Booking checking Inmate files for releases when Officer Davila, Jose 17645 called Via his radio for an Inmate Fight in 4 North. I immediately responded from Booking to 4 North.

While in route to 4 North, Davila advised Central Control that his O.C. Spray had malfunctioned and the inmates were still fighting. Getting off the elevator I activated my AXON Body Camera. Upon entry of 4 North, I was confronted to my right with Inmate Taylor, Carnell L60235. Taylor was covered in blood and holding the Officer computer and monitor in his hands that he ripped off the Officer's desk.

I unholstered my AXON Taser #X29005YKX and ordered Taylor to get down on the ground, face down. Taylor complied with my orders. Officer Zamora, Erik #25078 placed Taylor in hand cuffs and assisted him to his feet. Nurse Edgar Escalante immediately began to render aid to Taylor. Edgar treated the laceration Taylor suffered above his left eye. Edgar deemed it necessary to send Taylor to the Hospital via Rescue. Lieutenant Abdeljaber, Rame #6137 contacted Central Control to call Rescue. Rescue was called at 1551 Hours.

Taylor was removed from the pod and transported to Booking. While in Booking Nurse Taren Weiler continued to treat Taylor's wound. Rescue arrived at 1553 hours. Rescue, Officer's Zamora and Laprade, Marc #30644 transported Taylor to Vista East Hospital for further Medical Treatment. Rescue departed at 1602.

After Taylor was hand cuffed I turned my attention to the West side day room where I observed Inmate's Wells, Zavian L143142 and Knox, Marshon L159875 continuing to fight. Officer Pennington, Daniel #19398 had dispersed 1 burst of OC spray towards the inmates. Pennington assisted Wells to the ground and was able to place his right hand in cuffs. I assisted by securing Wells's left hand in hand cuffs.

Davila advised me of the other inmates involved in the disturbance. I approached cell 21 and ordered Inmate Gallegos, Anthony L171560 to turn around and place his hands behind his back. Gallegos complied with my orders and I opened the cell door. Officer Micek, Mateusz #25079 placed hand cuffs on Gallegos and removed him from 4 North.

Davila then advised me that Cell 4 had been involved as well. I went to cell 4 and ordered Inmate's Cherry, Travis L175701 and McMath, Richard L112982 to turn around and place their hands behind

| 13. CONT. ON CONT FORM ☐ | 14. ARREST MADE ☐ YES ☑ NO | 15 REPORTING OFFICER WILL FOLLOW UP ☐ YES ☑ NO | 16 WARRANT OBTAINED ☐ YES ☑ NO ☐ DENIED |
|---|---|---|---|

| Reporting Officer: | Init. | I.D. # | Approving Officer: | I.D. # | DATE: | TIME: |
|---|---|---|---|---|---|---|
| **Sgt. Pasquale Trentadue** | | 25018 | | 14815 | 2-26-24 | 2048 |

PRESS COPY

## Victim

Taylor Carnel Duane Sr, L# 60235

3400 Harbor Ridge Dr

Zion, IL 60099

## Inmate Involved

-McMath Richard D L# 11298

[redacted]

-Wells Zavian D L#143142

[redacted]

-Knox Marshon L#159875

[redacted]

-Cherry Travis L#175701

[redacted]

-Gallegos Anthony L#171560

[redacted]

EXHIBIT
3-A

✚ wellpath
To hope and

**Consult Sheet**

| | |
|---|---|
| **Appointment Date:** | 8/3.202. |
| **Patient Name:** | CARNE L. TA .LOR |
| **Patient #:** | .2.23. |
| **Social Security #:** | 3.7.) .. |
| **Date of Birth:** | 7/6/19.. |
| **Gender:** | M |
| **Interpreter Needed:** | [   ] |

| | |
|---|---|
| **Appointment Time:** | 9:00 AM |
| **Authorization #:** | 32622092 |
| **Site:** | Lake County Sheriff's Office Adult Correctional Di |
| **Patient Type:** | None |
| **Alerts:** | |
| **Booking #:** | |
| **Interpreter Type:** | |

---

### Consulting Physician's Report

**Significant Findings, Including Tests Done**

Photophobia

Decreased Vision Acuity in both eyes

**Diagnosis:** Post-concussive / Post-traumatic vision disturbance

CANUAAN 8/12/24

**Orders / Recommendations:** 1) Get pair of glasses with + one
without FL-41 tint ( Rx included )
2) Referral to Concussion Neurology Clinic
3) Referral for OT vision rehabilitation

**Physician Signature:** [signature] D    **Date:** 8-9-2024

Please include copy of Treatment Sheet upon release.

*Place completed form with all other documentation in a <u>sealed envelope</u> and send back with the Officer.*

SA. 24

## ✦ wellpath
To hope and heart...

# Offsite Services Referral Request

| Patient Number | L60235 | Appointment Date: 8/9/2024 9:00:00 AM |
|---|---|---|

**Site:** Lake County Sheriff's Office Adult Correctional Division, IL

**Location:** Lake County Sheriff's Office A    Inmate Type.  ☒ None ☐ State ☐ Interstate Compact ☐ Federal ☐ ICE/INS ☐ SMCP ☐ USMS

| Patient Name: | CARNELL | (Middle) | (Last) TAYLOR |
|---|---|---|---|

Birth date: 7/6/1974    Social Security # 327709507

Booking #: L60235-005    ☐ Interpreter Needed    Interpreter Type:

☐ Is Juvenile  ☐ Is Infirmary Housed    Gender: ⦿ Male ○ Female ○ Transgender

Admission Date: 2/21/2024    Provider Signature:

Requesting Provider: Paul Caroline Nurse Practitioner

| ☐ Workers Comp | ☐ Confirmed due to Inmate Violence | ☐ Suspected due to Inmate Violence | ☒ Pre-Existing |
|---|---|---|---|
| ☐ Inpatient Stay | ☐ Prebooking Event | ☐ Pre-Sentenced | ☐ Sentenced |

**Treatment Type:** OFFICE VISITS

**Specialty Type:** Neurology

**Consulting Provider:** NorthShore Endeavor Health

**Place of Service:** 965C Gross Point Rd Suite 1900 Skokie, IL 60076

**Appointment Priority:** Routine (within 60 days)

**Diagnosis:**
H53.142:Visual discomfort left eye:True

**Previous Treatment and Response (Include Meds):**
Patient is on the following medications
ARTIFICIAL TEAR STEARS
1 SOL Into Both Eyes QID
MELOXICAM7.5 MG
1 TAB By Mouth BID PRN
OLANZAPINE5MG
1 TAB By Mouth BID

**History of Illness / Injury with date of Onset:**
49 y/o male with stated hx of PTSD and anxiety; was involved in a physical altercation with multiple inmates on 2/26/24; sustained laceration injury to left eye and eyelid. Patient c/o ongoing photosensitivity to left eye. Ophthalmology referral completed AVS recommends referral to specific provider listed below.

**Results of complaint directed physical exam with findings:**
PE 3/28/24: Ongoing c/o head and eye pain through left side of head to back of neck from injury. Also c/o ongoing visual disturbances from injury. Awaiting Opthalmology referral support; appt pending and ongoing photosensitivity.

**Authorized Services:**
Initial visit and exam with:
Dr. John H. Pula, Neuro-ophthalmologist
224-251-2020

**Current functional ability / ADLs:**
WNL

**Other:**

SA. 25

4-A

# Lake County Sheriff's Adult Correctional Division
## Inmate Grievance

Check one (see back for instructions)

☐ **Disciplinary Appeal** (a copy of disciplinary findings <u>must</u> be attached)

☑ **Grievance**

☐ **Grievance Appeal** (a copy of initial grievance response <u>must</u> be attached)

Grievance #: 24G0186

OFFICE USE ONLY
DO NOT WRITE IN THIS BOX

Date: 4/4/24

Your Name: CARNELL TAYLOR     "L" Number: 60235   Housing Unit / Cell#: 4 S#29

"I have read and understand the grievance procedure as outlined in the inmate handbook" Initials: C.T.

Describe your concern: (You are limited to the front of this form only)

I'm GRIEVING THE FACT OF CLASSIFICATION C/O MELSON AND ANY OTHER CLASSIFICATION officers, Sgt's, AND THE DEPUTY CHIEF ALLOWED ME CARNELL TAYLOR (L#60235) TO BE CLASSIFIED WITH THIS DANGEROUS AND VIOLENT INMATE KNOWING WE HAD KEEP SEPARATES ON THE BOTH of US. AND DO TO THE LACK of CARE AND COUNSEL AND THE POOR WORK DONE BY CLASSIFICATION, I WAS SAVAGELY ASSAULTED AND HOSPITALIZED AND I'M still CURRENTLY SUFFERING MEDICALLY, PHYSICALLY AND EMOTIONALLY DUE TO THEY ASSAULT AND THE POOR JOB CLASSIFICATION DID. Officer MELSON KNEW THEIR WERE KEEP SEPARATES ON ME AND RICHARD McMATH AND A DOZEN OTHER C/O's WHERE AWARE of THOSE KEEP SEPARATES AS WELL...

Resolution Sought: (do not leave **blank**) NOT TO BE LAUGHED AT, OR TO BE TAKING as A JOKE WITH MY MEDICAL ISSUES. MY ISS- SHOULD BE TAKING SERIOUSLY. To BE PROPERLY HOUSED AWAY FROM KEEP SEPARATES.

Inmate Signature: Carnell     Received by: Dotson 2947  Date / Time Received: 15:00  4-4-24

White – Grievance Coordinator          Yellow – Inmate                    Rev. 11/07

SA. 26



Lake County Sheriff's Office

Corrections Division

Classification and Grievance Coordinator

Inmate Grievance Response Form

Date/Time: 4/30/2024 11:51 am         4 South         [ ▾ ]

Name: Taylor, Carnell         L# L60235         Grievance # 24G0186

[✓] ANSWERED  [ ] DENIED  [ ] UNABLE TO RESOLVE  [ ] IMPROPER FORMAT  [ ] OTHER

Mr. Taylor,

I reviewed your grievance dated 4/4/24 in which you state you were allowed to be classified with dangerous and violent inmate. The Jail takes classification seriously and houses inmates appropriately based on many factors. You were interviewed by Classification and were asked specifically if you had any enemies in custody, and you stated no. Jail Classification takes safety and security seriously. You were not knowingly placed in the pod with an enemy. You will continue to be kept separate from those involved. If you have any further issues please notify an Officer so they be addressed.

Sergeant T. Specht #9475

Returned Because this can be addressed by the Pod Officer: _____

Forwarded to Medical on: _____

Appeal forwarded to Administration: _Cornell _____

**INMATE SIGNATURE X**

SA. 27

CRIMEN

4-C

## Lake County Sheriff's Adult Correctional Division
### Inmate Grievance

Check one (see back for instructions)

☐ Disciplinary Appeal (a copy of disciplinary findings must be attached)

☐ Grievance

☑ Grievance Appeal (a copy of initial grievance response must be attached)

Grievance #: 24601864

OFFICE USE ONLY
DO NOT WRITE IN THIS BOX

Date: 5/2/24

Your Name: CARNELL TAYLOR    "L" Number: 60235   Housing Unit / Cell #: 4S #29

"I have read and understand the grievance procedure as outlined in the inmate handbook" Initials: C.T.

Describe your concern: (You are limited to the front of this form only)

I CARNELL TAYLOR HAD "NO" Clue of THE VIOLENT INMATE RICHARD McMATH BEING IN THE LAKE County JAIL... THE LAKE County JAIL RELIES ON THE HIGH TECH CLASSIFICATION SYSTEM THEY HAVE AND THEY ALSO RELIE ON & IN THE PROFESSIONALISM OF THEIR OFFICERS.. ALL THAT HAD TO BE DONE was CLEARLY PAY MORE ATTENTION TO THEIR HIGHTECH CLASSIFICATION SYSTEM AND I WOULDVE "NEVER" GOTTEN physically ATTACKED By THE VIOLENT INMATE Richard McMATH.. IT'S THE Responsibility OF THIS JAIL STAFF TO KEEP UP with who Comes & GO'S NOT MINE.. IF THIS JAIL TOOK SAFETY AND SECURITY Seriously I WOULDNT BE SCARED THE THE REST OF my LIFE!.. Keep SEPERATES NEVER LEAVE NOR DO THEY GO AWAY...

THANK YOU!

Resolution Sought: (do not leave blank) BETTER WORK DONE iN CLASSIFICATION So THIS NEVER HAPPENS TO ME EVER AGAIN.

Inmate Signature: [signature]   Received by: M 3174  Date / Time Received: 3/02/24

White – Grievance Coordinator     Yellow – Inmate       Rev. 11/07

SA. 28

EXHIBIT
4-D



# LAKE COUNTY SHERIFF ADULT CORRECTIONAL DIVISION
## INMATE GRIEVANCE RESPONSE FORM

☐ Disciplinary Appeal Response        Date: 5/20/2024
☒ Grievance Appeal Response
☐ Grievance Response        Grievance #: 24G0186A

Inmate: **Taylor, Carnell**      L#: **60235**      Housing: **4S**

Resolution

☐ Approved     ☒ Denied     ☐ Unable to Resolve     ☐ Improper Format

*Explanation:

Sir, I reviewed your original grievance, response and appeal. You state that the Jail's "high tech Classification System" that we rely on should have made us aware of that perosn being in your unit.

The jail's "high tech Classification system" must receive information in order to notate a keep separate or issue. I concur ith Sgt. Specht in the fact that you were asked during your initial classification interview if you had enemies in the Jail. You stated no. Unless you provide the names of the enemies, classification will classify you as having no known enemies in custody. Which is how they classified you.

If you fear for your safety as you state in your appeal, you can request Protective Custody (PC) at any time.

*If you wish to appeal the grievance response, see your inmate handbook

Written by: **Lieutenant Tim Reidy**          _____
                                                      Signature

Received by inmate: _____    Date/Time Received: **5/25/24**

original to Grievance Coordinator

SA. 29

EXHIBIT
5-A

## Lake County Sheriff's Adult Correctional Division
## Inmate Grievance

Check one (see back for instructions)

☑ **Disciplinary Appeal** (a copy of disciplinary findings **must** be attached)
[ ] **Grievance**
[ ] **Grievance Appeal** (a copy of initial grievance response **must** be attached)

| Grievance #: _____ |
| OFFICE USE ONLY |
| DO NOT WRITE IN THIS BOX |

Date: 3/1/24   3-1-24

Your Name: CARNELL TAYLOR   "L" Number: 60235   Housing Unit / Cell #: 3N #18

"I have read and understand the grievance procedure as outlined in the inmate handbook" Initials: C.T.

**Describe your concern:** (You are limited to the front of this form only)

THE FINDINGS OF GUILTY ON ALL THE CHARGES AGAINST ME WERE
TOTALLY INACURATE, MALICOUS, AND WRONG... NO INMATE CAN BE FOUND
GUILTY OF A FIGHT WHEN THEY NEVER HIT NO ONE, NEVER TOUCHED NOBODY
PHYSICALLY IN NO SHAPE FORM OR FASHION.. I DIDN'T EVEN KNOW WHERE I WAS
AT FOR SOME TIME, THEREFORE IT WASN'T REGISTERING TO ME ABOUT RULES
OF THE FACILITY AT THAT TIME DUE TO THE FACT OF HOW DAZED I WAS.. I
WAS TOTALLY INCOHERENT... I HAD THE MONITOR ONLY TO PREVENT FROM
BEING ATTACKED ANY LONGER... MY INTENTIONS WAS TO TRY TO PREVENT
FROM BEING ATTACKED.. I WAS NOT THINKING RATIONALLY, NOR WAS I
TRYING TO BE DISRESPECTFULL.. I WAS ALMOST KNOCKED COMPLETELY
OUT.. I'M BEING HELD IN SEGREGATION AGAINST MY WILL...

THESE FINDINGS TOTALLY VIOLATE MY RIGHTS
ASWELL AS MY DUE PROCESS...

**Resolution Sought:** (do not leave blank) RELESED FROM SEGREGATION EMMEDIATELY,
AND THESE CHARGES REMOVED FROM GUILTY...

Inmate Signature: _____   Received by: Frazier 2606 Date / Time Received: 3/1/24
1237 Hrs

White – Grievance Coordinator        Yellow – Inmate                    Rev: 11/07

SA. 30

EXHIBIT
5-B



## LAKE COUNTY SHERIFF ADULT CORRECTIONAL DIVISION
## INMATE GRIEVANCE RESPONSE FORM

☒ Disciplinary Appeal Response          Date: **3/4/2024**

☐ Grievance Appeal Response

☐ Grievance Response          Grievance #: **24D110A**

Inmate:    **Taylor, Carnell**       L#: **60235**      Housing: **ASU**

Resolution

☐ Approved      ☒ Denied      ☐ Unable to Resolve      ☐ Improper Format

*Explanation:
**Sir, I reviewed your Notice of Rules Violation, Committee Findings and appeal. I reviewed body worn camera and facility camera footage. You state that you were dazed, incoherent and didn't know where your were so you could not be guilty of the charges. You only grabbed the computer monitor to defend yourself.**

**Although you did not initiate the fight, you are seen initially retreating from the fight. However, you were not dazed or incoherent enough to jump the Officers desk, rip a monitor off the desk, and advance towards the inmate. The only thing stopping you from engaging the fight again, was the Officer stading in your way. Although you may not have struck another inmate, you definitely were engaged.**

**You were charged with six rule violations and found guilty on all 6. I do find that because you did not strike another inmate, the guily finding on violation 6 (Battery/Fighting) will be dropped. Charges 1-5 will stand. Each guilty charge can receive 15 days per charge. 60 days disciplinary detention stands.**

*If you wish to appeal the grievance response, see your inmate handbook

Written by: **Lieutenant Tim Reidy**          _____ Signature

Received by inmate: _____ Date/Time Received: **3/8/24**

Original – Grievance Coordinator

CARNELL

7-A

1 of 2

## Lake County Sheriff's Adult Correctional Division
### Inmate Grievance

Check one (see back for instructions)

☐ Disciplinary Appeal (a copy of disciplinary findings __must__ be attached)
☐ Grievance
✓ Grievance Appeal (a copy of initial grievance response __must__ be attached)

Date: 4/14/24

Your Name: CARNELL TAYLOR/WESSON  "L" Number: 60235  Housing Unit / Cell#: 4 S #29

"I have read and understand the grievance procedure as outlined in the inmate handbook" Initials: C.T.

Describe your concern: (You are limited to the front of this form only)

I AM WRITING TO APPEAL THE GRIEVANCE CONCLUSION THAT WAS HANDED TO ME ON 4-14-24 AT 2:00 P.M. IN FRONT OF OFFICER HERNANDEZ. I SUFFERED A SEVERE HEAD INJURY ON 2-26-24 AND WAS SENT TO VISTA AND RETURNED TO THE LAKE COUNTY JAIL WITH SUTURES, UPON RETURN TO THE LAKE COUNTY JAIL I WAS NEVER EVALUATED BY THE NURSING DEPARTMENT, WAS SENT TO MY CELL AND I WAS NOT SCREEN BY THE DOCTOR UNTIL 3-1-24 THATS (4) DAYS AFTER MY HEAD INJURY. I HAVE PUT IN MULTIPLE SICK CALLS, AND NO ONE HAS TAKEN MY SICK CALLS SERIOUSLY. I AM EXPERIENCING MIGRAINE HEAD ACHES, AND NECK PAIN SENSITIVITY OF MY EYE, AND PAIN THAT IS NOT BEING RELIEVED BY MEDICATION. I WAS TOLD TO USE MY HAND TO COVER MY EYE. AND I KEEP HEARING THAT I HAVE A EYE APPOINTMENT WITH THE OPHTHALMOLOGIST COMING UP. NONE OF THE NURSING STAFF CHECKED ON MY INJURIES, COMPLETED FOLLOW UP ASSESS-MENTS, OR EVEN ASSESSED MY INJURY. THE ONLY PERSON WHO LOOKED AT MY INJURY WAS THE MALE DOCTOR ON 3-1-24 AND THE LPN NURSE CAROLINE. I FEEL MY INJURY THAT I OBTAINED WHILE IN THE LAKE COUNTY JAIL WAS NOT TAKEN SERIOUSLY. I ASKED FOR THE NURSING POLICIES FOR HEAD INJURIES AND HAVE NOT RECEIVED ANY TO THIS DATE 4-14-24. IN MOST FACILITIES THEY HAVE NURSING POLICIES THAT LEAD THE NURSING STAFF ON WHAT TO DO IN DIFFERENT SITUATIONS. I CAN GUARANTEE NONE OF THOSE WERE FOLLOWED. I HAVE BEEN SUFFERING IN MY CELL REPEATEDLY EXPLAINING THE INTENSE PAIN FROM MY INJURY, AND MIGRAINES THAT LAST FOR HOURS DAILY. AT THIS
CONTINUE →

Resolution Sought: (do not leave blank)

_____

_____

Inmate Signature: Carnell Wesson   Received by: Gorman 31307 Date / Time Received: 4/14/24 1809

White – Grievance Coordinator        Yellow – Inmate

1 of 2

Rev. 11/07

# Lake County Sheriff's Adult Correctional Division
## Inmate Grievance

Check one (see back for instructions)

[ ] **Disciplinary Appeal** (a copy of disciplinary findings must be attached)

**Grievance**

☑ **Grievance Appeal** (a copy of initial grievance response must be attached)

Date: 4/14/24

Your Name: CARNELL TAYLOR / WESSON "L" Number: 602235 Housing Unit / Cell#: 4S #29

"I have read and understand the grievance procedure as outlined in the inmate handbook" Initials: C.T.

Describe your concern: (You are limited to the front of this form only)

POINT MY HEAD INJURY HAS MOST LIKELY CAUSED SOME-
THING MAJOR GOING ON, AND THE ADMINISTRATOR KEEPS
SPEAKING ABOUT AN EYE APPOINTMENT. I WOULD LIKE TO
RECEIVE THE CARE THAT I AM SUPPOSE TO RECEIVE FROM
THE NURSING STAFF. I AM THANKFUL FOR THE OPTHALMOLOGIST
APPOINTMENT BUT NOTHING IS BEING DONE ABOUT THE
MIGRAINE HEAD ACHES I AM EXPERIENCING. IF THIS
SITUATION WOULD'VE BEEN HANDLED PROPERLY, THIS MATTER
COULD'VE BEEN RESOLVED BY NOW.

Resolution Sought: (do not leave blank) THE FAIR HEALTH CARE I DESERVE
AND NOT TO BE MOCKED OR LAUGHED AT.

Inmate Signature: _____ Received by: Garcia 81307 Date / Time Received: 4/14/24 1809

White – Grievance Coordinator          Yellow – Inmate          Rev: 11/07

4/22/2025-23

CARNELL TAYLOR
#L-60235
P.O. BOX 38
WAUKEGAN, IL.
60079

AUG 22 2024

DIRKSEN FEDERAL BUILDING
219 S. DEARBORN ST.
CHICAGO, IL.
60604



SA. 34

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carnell D. Taylor (L60235), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 4380 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| John D. Idleburg, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court dismisses the complaint for failure to state a claim on which relief can be granted. All federal claims are dismissed with prejudice. Because the federal claims have been dismissed, the Court relinquishes jurisdiction over any state-law claims without considering the merits of the claim. Any state-law claims are dismissed without prejudice to Plaintiff's ability to pursue the claims in state court or otherwise before a proper tribunal. Plaintiff's motion for attorney representation [8] is denied as moot. The Clerk is directed to (1) enter final judgment, and (2) send a copy of this order and the judgment to Plaintiff at his address of record. This case is closed.

## STATEMENT

Lake County detainee Carnell D. Taylor a/k/a Carnell D. Wesson initiated this lawsuit *pro se* under 42 U.S.C. § 1983 concerning an inmate-on-inmate assault at the Lake County Jail on February 26, 2024. He paid the filing fee, but his complaint nevertheless is subject to screening under 28 U.S.C. § 1915A.

Because Plaintiff is seeking redress from officers or employees of a governmental entity, the Court must screen his complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock*, 549 U.S. 199, 214 (2007); *Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). To survive screening, a complaint must contain enough facts to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff, however, "can plead himself out of court by pleading facts that show that he has no legal claim." *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (quoting *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)).

Plaintiff brings this lawsuit against no fewer than nine Lake County Jail officials and correctional officers. Plaintiff was booked into the jail on February 21, 2024, and was interviewed by Classifications Officer Melson on February 22, 2024. Dkt. 1, pg. 8. Plaintiff then was assigned

SA. 35

to Cell #46 in housing unit 4-North. *Id.*

According to Plaintiff, on February 26, 2024, at approximately 3:37 p.m., Correctional Officer Davila opened all the cell doors in unit 4-North. *Id.* Plaintiff exited his cell and, as he was walking down the stairs, "out of nowhere" he was "viciously attacked by a 'documented keep separate' by the name of Richard McMath." *Id.*, pg. 9. Plaintiff says that he "had not a clue" that McMath was at the jail. *Id.* Davila responded to the attack but could not stop it because his O.C. spray malfunctioned. *Id.* Within minutes—Plaintiff estimates 8 minutes—other officers arrived, stopped the attack, and handcuffed Plaintiff. *Id.* Plaintiff was injured during the attack. *Id.*, pg. 10.

Documents attached to the complaint add to the story. On February 26, 2024, Officer Davila saw inmate McMath strike Plaintiff in the face with a laundry bag containing a tablet. *Id.*, pg. 17. Plaintiff backed away while another inmate—Knox—attacked McMath. Two more inmates joined the altercation. *Id.* Officer Davila "immediately notified central control via radio of a fight in 4 North[.]" *Id.* Davila also ordered the inmates to stop fighting and warned that he would deploy OC spray. *Id.* But when he attempted to use the spray, "the actuator failed." *Id.* Additional officers responded to the altercation approximately two minutes after the altercation started. *See id.*

A grievance submitted by Plaintiff suggests that there might have been a "keep separate" order from a prior period of incarceration, *see id.*, pg. 25, but when he was asked whether he had any enemies at the jail during the classification interview for his present period of incarceration, he responded no. *Id.*, pg. 26, 28. Thus, he was classified as "having no known enemies in custody." *Id.*, pg. 28.

Plaintiff proposes three theories of liability. He wants to hold (1) the jail's classification officers responsible for the attack because, in Plaintiff's opinion, the attack would not have occurred if the officers "payed [sic] closer attention to their records," *id.*, pg. 11; (2) Sheriff Idleburg and other supervisory officials responsible because the officials "create[d] and enforce[d]" unspecified "policies and procedures" that led to the attack, *id.*, pg. 14-15; and (3) Correctional Officer Davila responsible for the attack because Davila allegedly allowed Plaintiff "to have contact with" an inmate with whom he should not have had contact, *id.*, pg. 14.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that he was deprived of a right secured by the Constitution or the laws of the United States and that the deprivation occurred at the hands of a person acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Because Plaintiff is a pretrial detainee, any claim that jail officials or correctional officers failed to protect him from a serious risk of harm arise under the Fourteenth Amendment's Due Process Clause. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). "[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the

2

defendant, by not taking such measures, caused the plaintiff's injuries." *Id* (citing *Kemp v. Fulton Cnty.*, 27 F.4th 491, 496 (7th Cir. 2022)).

The alleged facts when considered alongside information contained in the documents attached to the complaint show that Plaintiff cannot establish a basis for section 1983 liability stemming from the February 26, 2024 attack. *See Walls v. Mershon*, No. 24-3035, 2025 WL 1743036, at *3 (7th Cir. June 24, 2025) (exhibits to complaint take precedence over allegations) (citing *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013)). Specifically, documents accompanying the complaint show that any federal claims against jail officials or the classification officers fail because Plaintiff did not identify McMath as a threat during his February 2024 classification interview. Instead, he told the classification officer that he had no known enemies in the jail. This information is consistent with Plaintiff's admission that he "had no clue" that McMath was at the jail. *See* Dkt. 1, pg. 9, 27.

It seems that Plaintiff believes that a "keep separate" order from a prior period of incarceration should have put the officers on notice that he should not be housed near McMath. But a prior order would not necessarily have put jail personnel on notice of a present danger given Plaintiff's representation in February 2024 that he had no known enemies at the jail. Thus, the classification officer's (or Officer Davila's) failure to identify McMath as a possible threat does not suggest the type of conduct that gives rise to a claim under section 1983. *See James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (explaining that negligence or even gross negligence is not enough to establish a claim under section 1983); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (explaining that *Monell* liability cannot survive without an underlying constitutional violation by an individual defendant).

 The documents also show that Officer Davila responded reasonably to the attack after it was in progress, and that officers reasonably handcuffed Plaintiff as they tried to restore order in the facility. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (explaining that force may be used against pretrial detainee for the "legitimate interests that stem from government's need to manage the facility in which the individual is detained") (cleaned up).

The events described in the complaint and its attachments are unfortunate, but they do not provide the basis for a claim under section 1983. Given the information contained in the documents attached to the complaint, the Court also has no reason to believe that amendment consistent with Rule 11 of the Federal Rules of Civil Procedure will change the outcome of this case. *See Epstein*, 843 F.3d at 1150 (explaining that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim"). The Court therefore dismisses the complaint for failure to state a claim on which relief can be granted. All federal claims are dismissed with prejudice. Because the federal claims have been dismissed, the Court relinquishes jurisdiction over any state-law claims without considering the merits of the claims. Any state-law claims are dismissed without prejudice to Plaintiff's ability to pursue the claim before a proper tribunal. This case is closed.

If Plaintiff wants to appeal, he must file a Notice of Appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the

$605.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).

**SO ORDERED.**                                        **ENTERED:   July 18, 2025**

_____
**JORGE L. ALONSO**
**United States District Judge**

4

ILND 450 (Rev. 04/29/2016) Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Carnell D Taylor,

Plaintiff(s),

v.

John D. Idleburg et al,

Defendant(s).

Case No. 25 C 4380
Judge Jorge L. Alonso

## <u>JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐   in favor of plaintiff(s)
and against defendant(s)
in the amount of $

     which ☐ includes     pre–judgment interest.
         ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐   in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☑   other:   This case is dismissed for failure to state a claim.

---

This action was *(check one)*:

☐ tried by a jury with Judge                     presiding, and the jury has rendered a verdict.
☐ tried by Judge                without a jury and the above decision was reached.
☑ decided by Judge  Jorge L. Alonso.

Date: 7/18/2025

Lesley Fairley         , Deputy Clerk

SA. 39

MR

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS EASTERN Division

CARNELL D. TAYLOR,
   PLAINTIFF,
   -VS-
JOHN D. IDLEBURG, et. al.,
   DEFENDANTS

CASE No. 25 CV 4380

**FILED**

AUG 18 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MN

## NOTICE OF APPEAL

Now COMES, THE PLAINTIFF, CARNELL D. TAYLOR, PRO-SE, AND HEREIN SUPPORT OF THIS "NOTICE OF APPEAL", RESPECTFULLY REQUEST THIS HONORABLE COURT TO RECONSIDER THE DISMISSAL JUDGEMENT OF THIS CASE, STATES as follows;

1. THIS COMES BEFORE THE HONORABLE COURT FOR THE DISMISSAL DECISION REACHED BY THE HONORABLE JUDGE, JORGE L. ALONSO; THAT BASED UPON THAT DISMISSAL FOR (FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED).

2. PLAINTIFF IS CURRENTLY PROCEEDING PRO-SE AND INVOKES THE LENIENT PLEADING STANDARD AFFORDED TO PRO-SE LITIGANTS.

1 of 5

SA. 40

3. THAT DURING THE time of PLAINTIFFS Complaint BEING COMPLETED HE was under THE MEDICAL CARE of DR. Nicole REAMS, DR. PulA, Also (2) THERAPY professionals, ONE for OCUPATIONAL THERAPY, AND THE OTHER for physical THERAPY, Also MENTAL HEALTH THERAPY Do to THE (P.T.S.D) plaintiff was DIAGNOSED with By DR. Nicole REAMS. PLAINTIFF was UNDER THE CARE of DR. Nicole REAMS AND DR. PulA for NEARly A YEAR.

4. PLAINTIFF was UNABLE To OBTAIN CERTAIN DOCUMENTS Do to BEING INCARCERATED, INCARCER-ATION PREVENTED HIM From Assessing MEDICAL RECORDS to DETERMINE DAMAGES, AND oTHER MEDICAL INFORMATION.

5. EXACT DAMAGES CAN NOT BE KNOWN Do to MEDICAL ACCESS, THIS is WHY PLAINTIFF PuT (TBD) "To BE DETERMINED" oN THE RELIEF of THE CLAIM INSTEAD of A CERTAIN AMOUNT. PLAINTIFF THOUGHT THAT if THE CASE was To PROCEED To TRIAL By JURY, THE JURY WOULD DETERMINE THE RELIEF By putting (TBD), "To BE DETERMINED", oN THE STATE A RELIEF SECTION.

2 of 5

6. Staff in the Lake County Jail and Lake County Sheriffs Department Refused/Denied to provide Certain Documents to plaintiff. The only way plaintiff would be able to obtain these Documents is if the Honorable Court grants plaintiff to through ordering of Discovery. The facts alledged will be proven through ordering of Discovery, Also facts will be provided and proven through other Lake County Jail Correctional Officers that were aware of keep seperates between plaintiff Carnell D. Taylor, and the inmate who viciously attacked plaintiff, Mr. Richard McMath.

Sgt. Specht, c/o Erica Landree, c/o Turner, c/o Masley and c/o Murphy, these are Correctional Officers that were aware of the keeps seperates that were placed on plaintiff and Richard McMath.

7. Keep Seperates, aswell as other important Documents are stored and saved in Lake County Jails Computers aswell as their Log Books to prevent Negligent and Due process violations from accuring, Richard McMath shot plaintiff, Richard McMaths Brother Died in Cross fire and the Lake County Jails Classification Officers, aswell as the Lake County States

3 of 5

ATTORNEYS OFFICE DIRECTLY WERE INVOLVED
WITH THE KEEP SEPERATES THAT WERE
PLACED ON PLAINTIFF AND McMATH, ONCE
DISCOVERY IS ORDERED, AT THAT TIME THE
HONORABLE COURT WILL SEE EVERY ELEMENT.

8. THE COURT HAS SAID, DISCOVERY MUST BE A
COOPERATIVE UNDERTAKING BY ALL PARTIES AND
THEIR COUNSELS TOWARD THE END, THAT THE
MERITS OF THE CASE MAY BE EXPEDITIOUSLY
ASCERTAINED FOR THE PURPOSE OF PROMOTING
A FAIR SETTLEMENT, IT IS NOT A GAME OF
TACTICAL HARRASSMENT OR OBSTRUCTION.

9. PLAINTIFF PROPERLY ALLEDGE DUE PROCESS
VIOLATION BY ALLEGING THAT THE DEFENDANTS
KNOWINGLY ACTED RECKLESSLY AND THEIR
ACTIONS WERE NOT REASONABLE.

10. PLAINTIFF HAS BEEN INCARCERATED IN THE
LAKE COUNTY JAIL FOR (18) MONTHS, DOESN'T
HAVE A JOB, THIS IS A STATE OF HARDSHIP.

4 of 5

WHEREFORE, FOR THE ABOVE STATED REASONS, PLAINTIFF, TRULY REQUESTS THAT THIS HONORABLE COURT RECONSIDER AND REVERSE THE DISMISSAL JUDGEMENT, AND GRANT PLAINTIFF TO PROCEED FORWARD WITH THE CLAIM.

RESPECTFULLY SUBMITTED BY:

CARNELL D. TAYLOR

PRO-SE

LAKE COUNTY JAIL
P.O. BOX 38
WAUKEGAN, IL.
60079

5 of 5

SA. 44

# Circuit Court of the Nineteenth Judicial Circuit
## Lake County, Illinois

**10CF00001438** Closed Judgment Entered on $

## PEOPLE VS TAYLOR

Criminal/Traffic: Criminal Felony - Filed: 05/05/2010

Parties    Charges/Dispositions/Sentences    Court Events    Documents Filed    Financial

## Charges/Dispositions/Sentences

| Offense Date | Count | Arresting Agency | Nature of Offense | Disposition Date | Disposition |
|---|---|---|---|---|---|
| 05/02/2010 | 1 | Zion | MURDER/STRONG PROB KILL/INJURE 720 ILCS 5/9-1(a)(2) on 05/02/2010 )-Class M Felony | 05/26/2010 | Superseded by Indictment or Information |
| | | | └ Disposition: 05/26/2010 - Superseded by Indictment, Information or Complaint Court Action | | |
| 05/02/2010 | 1 | Zion | MURDER/INTENT TO KILL/INJURE 720 ILCS 5/9-1(a)(1) on 05/02/2010 )-Class M Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 2 | Zion | MURDER/STRONG PROB KILL/INJURE 720 ILCS 5/9-1(a)(2) on 05/02/2010 )-Class M Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 3 | Zion | MURDER/OTHER FORCIBLE FELONY 720 ILCS 5/9-1(a)(3) on 05/02/2010 )-Class M Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 4 | Zion | MURDER/INTENT TO KILL/INJURE 720 ILCS 5/9-1(a)(1) on 05/02/2010 )-Class M Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 5 | Zion | MURDER/STRONG PROB KILL/INJURE 720 ILCS 5/9-1(a)(2) on 05/02/2010 )-Class M Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 6 | Zion | MURDER/OTHER FORCIBLE FELONY 720 ILCS 5/9-1(a)(3) on 05/02/2010 )-Class M Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 7 | Zion | ARMED HABITUAL CRIMINAL 720 ILCS 5/24-1.7(a) on 05/02/2010 )-Class X Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 8 | Zion | FELON POSS/USE FIREARM PRIOR 720 ILCS 5/24-1.1(a) on 05/02/2010 )-Class 2 Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 9 | Zion | FELON POSS/USE FIREARM PRIOR 720 ILCS 5/24-1.1(a) on 05/02/2010 )-Class 2 Felony | 01/20/2012 | Nolle Prosequi |
| | | | └ Disposition: 01/20/2012 - Nolle Prosequi Wholly Negotiated Plea | | |
| 05/02/2010 | 10 | Zion | 2ND DEGREE MURDER/PROVOCATION 720 ILCS 5/9-2(a)(1) on 05/02/2010 )-Class 1 Felony | 01/20/2012 | Guilty |
| | | | ├- 01/20/2012 Department of Corrections 20 Year | | |
| | | | ├- 01/20/2012 Costs and Fees | | |
| | | | ├- 01/20/2012 Testing (Service Provider Cost) 200.00 | | |
| | | | └ Disposition: 01/20/2012 - Guilty Wholly Negotiated Plea | | |

^ Back to Top ^

Copyright © Journal Technologies, USA. All rights reserved.



# Circuit Court of the Nineteenth Judicial Circuit
*Lake County, Illinois*

Home    Search Case ▾    Pay a Fine    Calendar Search ▾        Jacob Goldwater    Logout

## 10CF00001440   Closed

### PEOPLE VS MCMATH

Criminal/Traffic: Criminal Felony - Filed: 05/05/2010

Parties    Charges/Dispositions/Sentences    Court Events    Documents Filed    Financial

## Charges/Dispositions/Sentences

˅ |

| Offense Date | Count | Arresting Agency | Nature of Offense | Disposition Date | Disposition |
|---|---|---|---|---|---|
| 📅 05/02/2010 | 1 | Zion | Attempted - ARMED ROBBERY/ARMED W/FIREARM 720 ILCS 5/18-2(a)(2) on 05/02/2010 )-Class 1 Felony | 05/26/2010 | Superseded by Indictment or Information |
| | | | ⦙ L Disposition: 05/26/2010 - Superseded by Indictment, Information or Complaint Court Action | | |
| 📅 05/01/2010 | 1 | Zion | Attempted - ARMED ROBBERY/ARMED W/FIREARM 720 ILCS 5/18-2(a)(2) on 05/01/2010 - 05/02/2010)-Class 1 Felony | 01/20/2011 | Nolle Prosequi |
| | | | ⦙ L Disposition: 01/20/2011 - Nolle Prosequi Court Action | | |
| 📅 05/01/2010 | 2 | Zion | Attempted - ARMED ROBBERY/NO FIREARM 720 ILCS 5/18-2(a)(1) on 05/01/2010 - 05/02/2010)-Class 1 Felony | 01/20/2011 | Nolle Prosequi |
| | | | ⦙ L Disposition: 01/20/2011 - Nolle Prosequi Court Action | | |
| 📅 05/01/2010 | 3 | Zion | FELON POSS/USE WEAPON/FIREARM 720 ILCS 5/24-1.1(a) on 05/01/2010 - 05/02/2010)-Class 3 Felony | 11/22/2010 | Dismiss-Defense Motion |
| | | | ⦙ L Disposition: 11/22/2010 - Dismiss/Defense Motion Court Action | | |

^ Back to Top ^

Copyright © Journal Technologies, USA. All rights reserved.



## 21CF00000460   Closed Judgment Entered on $

## PEOPLE VS MCMATH

Criminal/Traffic: Criminal Felony - Filed: 03/25/2021

Parties   Charges/Dispositions/Sentences   Court Events   Documents Filed   Financial

### Charges/Dispositions/Sentences

| Offense Date | Count | Arresting Agency | Nature of Offense | Disposition Date | Disposition |
|---|---|---|---|---|---|
| 03/22/2021 | 1 | Zion | Attempted - MURDER/INTENT TO KILL/INJURE 720 ILCS 5/9-1(a)(1) on 03/22/2021 )-Class X Felony | 11/10/2021 | Superseded by Indictment or Information |
| | | | Disposition: 03/25/2021 - Warrant Outstanding 60+ Days Court Action | | |
| | | | Disposition: 11/10/2021 - Superseded by Indictment, Information or Complaint Court Action | | |
| 03/22/2021 | 1 | Zion | Attempted - MURDER/INTENT TO KILL/INJURE 720 ILCS 5/9-1(a)(1) on 03/22/2021 )-Class X Felony | 04/26/2024 | Nolle Prosequi |
| | | | Disposition: 04/26/2024 - Nolle Prosequi Court Action | | |
| 03/22/2021 | 2 | Zion | AGG BATTERY/DISCHARGE FIREARM 720 ILCS 5/12-3.05(e)(1) on 03/22/2021 )-Class X Felony | 11/10/2021 | Superseded by Indictment or Information |
| | | | Disposition: 03/25/2021 - Warrant Outstanding 60+ Days Court Action | | |
| | | | Disposition: 11/10/2021 - Superseded by Indictment, Information or Complaint Court Action | | |
| 03/22/2021 | 2 | Zion | AGG BATTERY/DISCHARGE FIREARM 720 ILCS 5/12-3.05(e)(1) on 03/22/2021 )-Class X Felony | 04/26/2024 | Nolle Prosequi |
| | | | Disposition: 04/26/2024 - Nolle Prosequi Court Action | | |
| 03/22/2021 | 3 | Zion | AGG DISCHARGE FIREARM/OCC VEH 720 ILCS 5/24-1.2(a)(2) on 03/22/2021 )-Class 1 Felony | 04/26/2024 | Nolle Prosequi |
| | | | Disposition: 04/26/2024 - Nolle Prosequi Court Action | | |
| 03/22/2021 | 3 | Zion | FELON POSS/USE FIREARM PRIOR 720 ILCS 5/24-1.1(a) on 03/22/2021 )-Class 2 Felony | 11/10/2021 | Superseded by Indictment or Information |
| | | | Disposition: 03/25/2021 - Warrant Outstanding 60+ Days Court Action | | |
| | | | Disposition: 11/10/2021 - Superseded by Indictment, Information or Complaint Court Action | | |
| 03/22/2021 | 4 | Zion | FELON POSS/USE WEAPON/FIREARM 720 ILCS 5/24-1.1(a) on 03/22/2021 )-Class 3 Felony Guilty | 04/26/2024 | Guilty |
| | | | 04/26/2024 Department of Corrections 3 Year | | |
| | | | 04/26/2024 Court Ordered Contribution 929 Day | | |
| | | | 04/26/2024 Fine 75.00 | | |
| | | | 04/26/2024 Schedule 1: Generic Felony 549.00 | | |
| | | | Disposition: 04/26/2024 - Guilty Wholly Negotiated Plea | | |
| 03/22/2021 | 4 | Zion | AGG DISCHARGE FIREARM/OCC BLDG 720 ILCS 5/24-1.2(a)(1) on 03/22/2021 )-Class 1 Felony | 11/10/2021 | Superseded by Indictment or Information |
| | | | Disposition: 03/25/2021 - Warrant Outstanding 60+ Days Court Action | | |
| | | | Disposition: 11/10/2021 - Superseded by Indictment, Information or Complaint Court Action | | |
| 03/22/2021 | 5 | Zion | Attempted - AGG BATTERY/DISCHARGE FIREARM 720 ILCS 5/12-3.05(e)(1) on 03/22/2021 )-Class 1 Felony Guilty | 04/26/2024 | Guilty |
| | | | 04/26/2024 Department of Corrections 14 Year | | |
| | | | 04/26/2024 Court Ordered Contribution 979 Day | | |
| | | | 04/26/2024 Fine 75.00 | | |
| | | | Disposition: 04/26/2024 - Guilty Court Action | | |

⌃ Back to Top ⌃

Copyright © Journal Technologies, USA. All rights reserved.

## CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 30

In accordance with Circuit Rule 30(d), I certify that this appendix contains all of the materials required by Circuit Rule 30(a) and (b).

/s/ Jed Stone
Jed Stone

# IN THE UNITED STATES COURT OF APPEALS
## SEVENTH CIRCUIT

| | |
|---|---|
| CARNELL TAYLOR,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>SHERIFF JOHN IDLEBURG, *et al.*<br>*Defendant-Appellees.* | Appeal No.'s 25–2414, 2415<br>(Consolidated)<br><br>Dist. Case No. 25cv4380 |

**CERTIFICATE OF SERVICE**

PLEASE TAKE NOTICE that on December 5, 2025, the undersigned attorney filed this brief with the Clerk of the United States Court of Appeals for the Seventh Circuit through the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and they will be served via the CM/ECF system.

/s/ Jed Stone
Jed Stone
Attorney for Plaintiff-Appellant